## JONES, et al. *vs* ETHERIDGE.

1. Where there is no community of interest, parties cannot join in action, and therefore the obligors on two several bonds, who had incurred different liabilities, may not join in a writ of error.

2. Therefore, also, where several defendants below, join in a writ of error, who may make different matters of defence, and for or against whom different judgments might be rendered—such writ will be dismissed.

Error to the County court of Wilcox county.

At the June term of the Orphans' court of Wilcox county, eighteen hundred and thirty-six, upon the application of Allen Etheridge, one of the heirs of the estate of Absalom Jones, deceased, a notice was issued to John Jones, administrator of the estate of said decedent, to appear at the next term of the said court, and make settlement of his administration of said estate.

And at the October term of said court, in the same year, said Allen Etheridge came, and having suggested to the court that a devastavit had been committed by said John Jones, the administrator—it was therefore ordered by the court, that notice should issue to said John Jones, the administrator, to appear at the next term, and shew cause, if any he could, why he should not be removed from the administration of the said estate; and also make final settlement of his administration of said estate, &c.

And at the December term of said court, in the same year, the said John Jones not appearing, it was made to appear to the court, by the testimony of John Danelly, that the said administrator had been guilty of a

devastavit, of the goods and chattels, of said estate.—
It was, on motion, ordered, by the court, that the letters of administration, theretofore granted to said John Jones, upon the estate of Absalom Jones, deceased, should be revoked, and said John Jones, administrator, as aforesaid, should be displaced and removed from said administration, and that Allen Ethridge, at whose instance he was removed from said administration, should have and recover of said John Jones, his costs, by him, about his said motion in that behalf expended, for which execution might issue, &c. And it was further ordered by the court, that notice issue to said John Jones, to appear and make final settlement of his said administration, at the next term, &c.

And upon the application of Allen Ethridge, for letters of administration upon the estate of Absalom Jones, deceased—It was ordered, that letters of administration *de bonis non*, on the estate of Absalom Jones, deceased, should be granted to the said Allen Ethridge, on his giving bond and security; which was done, &c.

And at the January term of the said court, eighteen hundred and thirty-seven, said John Jones appeared and filed his plea to the jurisdiction of the court, which was considered and overruled by the court, and the case continued, &c.

And at the March term of same court, said John Jones, produced to the court, the accounts and vouchers of claims taken up by him against the estate of the decedent, amounting to the sum of fifty-two dollars and eighteen and three-fourths cents, which were examined by the court, and allowed, together with the sum of sixty dollars, allowed by the court, to the said John Jones, for his services, in and about his administration, amounting to the sum of one hundred and twelve dollars and eighteen and three-fourths cents, the entire amount of credits, due the said John Jones,

which being deducted from the sum of six hundred and thirteen dollars, and thirty-three and three-fourths cents, the amount of the sales of personal property, as returned, left the sum of five hundred and one dollars and fifteen cents, due from said John Jones, former administrator, &c. It was, therefore, ordered, adjudged and decreed by the court, that Allen Ethridge, administrator of the estate of Absalom Jones, should recover of John Jones, former administrator, &c., and James Holley and William Miller, his securities, on his last bond, as administrator of said estate, the sum of five hundred and one dollars and fifteen cents, the amount due as above, besides costs, for which execution might issue, &c.

And the said Allen Ethridge, administrator, as aforesaid, then proceeded to show, that the said John Jones, had received assets, for which he had not accounted; and the said John Jones objected to the examination of John Danelly, Jackson Davis and Alexander M'Intosh, witnesses, introduced by said Allen Ethridge, to prove by parol testimony, that certain assets, and a quantity of corn, raised by the intestate, for the use of his family, came into the hands of said John Jones, as administrator, &c., which said assets and said corn, were not inserted in the inventory returned by the said John Jones, or in the appraisement returned by the appraisers of said estate to the court; which objection was overruled by the court, and the witnesses examined, from whose testimony it appeared, that corn belonging to said decedent's estate, to the amount of one hundred and twenty-five bushels, came into the hands of said John Jones, which corn was estimated to be worth sixty-two and a half dollars and fifty cents, at the time said corn came into his possession. It was also proved, by Alexander M'Intosh, that he paid to said John Jones, a fifty dollar note, which he owed to the intestate, and which note the witness exhibited in court, which note, and interest on the same,

amounted to fifty-seven dollars, and being added to the value of the corn, made in all, the sum of one hundred and nineteen dollars and fifty cents, which came into the hands of said administrator, Jones, and for which he had not accounted, in any return or settlement made by him.   It was therefore, ordered, adjudged and decreed, by the court, that Allen Ethridge, administrator, &c., recover from John Jones, former administrator, and Jonathan M. Hill and Atlas C Hinson, his sureties, upon his first bond, the sum of one hundred and nineteen dollars and fifty cents, besides his costs, &c., for which execution might issue.

And upon the said decree, *one* writ of error was taken to this court.

COLLIER, C. J.—It appears from the record, that John Jones was appointed administrator of the estate of Absalom Jones, deceased, and in the course of his administration, gave two bonds, upon the demand of the Orphans' court, with different sureties in each,— that afterwards his letters of administration were revoked by the court, and the defendant appointed administrator in his stead, and upon being called on for a settlement of his accounts, the Orphans' court rendered two several decrees against him, in favor of the defendant: the one against the plaintiff and his sureties in the first bond, for the extent of his indebtedness up to the time of their discharge—the other for his indebtedness, accruing subsequently, against himself and his sureties, in the second bond.   To reverse both of which, but one writ of error has been sued out, by the plaintiff and his sureties, in both bonds.

A question has been raised by the defendant, whether this court can take jurisdiction of the case, or should not rather dismiss it, for a misjoinder of plaintiffs in error.

There is certainly no community of interest between the sureties in the two bonds, and the liabilities

fixed upon them respectively, by the decrees, are different, both in their amounts and in the foundation on which they rest. And it is clear, that they could not be jointly charged on them, in an action in the usual form, nor could the parties to these decrees join in prosecuting an action upon demands due them severally. This being the case, it is difficult to conceive of any reason why they shall join in a writ of error.

Again : they could not unite in assigning error,—what would be available for the sureties in the first bond, must be unimportant to those in the second, and so *vice versa.* So, there might be error in one decree, while the other was free from objection; how should the judgment be rendered, in such an event, or the costs be taxed? These are difficulties not easily gotten over, here, where the unsuccessful party alone, is chargeable with costs.

In *Smith vs Hearne,*[*] two writs of error were issued, and two judgments sent up in one transcript, and the writs were dismissed ; the court not being authorised to sever the judgments, or able to determine to which judgment the writs respectively applied.— And in *DeSylva vs Henry,*[†] a writ of error brought up two distinct judgments, between the same parties, and was dismissed.

We are of opinion, that the reasons against retaining this case, for a decision upon *the* merits, are stronger than in the two we have cited, and therefore, direct a dismissal of the writ of error.

---

[*] 2 Stewart R. 169.        [†] 4 Stewart & Porter, 409.