MARY SWEENEY, administratrix, *vs.* BOSTON & ALBANY RAILROAD COMPANY.

Suffolk. Nov. 25, 1878. — Nov. 11, 1879. COLT, J., did not sit. MORTON, J., absent.

A city made a contract with a person to take down and rebuild a bridge used as a highway over the tracks of a railroad corporation. In taking down and rebuilding the abutments of the bridge, if more men were needed temporarily on one side than were there at work, they were called to that side from the other; and were in the habit of crossing the track for that purpose. If a larger force had been employed, there would have been no necessity for crossing. *Held,* that an action would not lie against the railroad corporation for an injury sustained by a workman by being struck by a locomotive engine while so crossing the track.

TORT for personal injuries occasioned to Morgan Sweeney, the plaintiff's intestate, by being struck by an engine owned and run

by the defendant corporation over its railroad near the Hunting-
ton Avenue Bridge, so called, in Boston. At the trial in this
court, before *Morton*, J., the jury returned a verdict for the
plaintiff for $3000 ; and the defendant alleged exceptions. The
facts appear in the opinion.

*G. S. Hale*, for the defendant.

*S. B. Allen*, for the plaintiff.

ENDICOTT, J. A railroad corporation has a right, in the due
performance of its public duties, to the use of the land within its
location and occupied by its tracks, which is permanent in its
nature, and generally speaking exclusive, though not absolutely
so under all circumstances. Emergencies and necessities may
arise which will justify its invasion ; as when it is necessary to
pass over it to procure water to stop a conflagration, or to lay
hose for the same purpose over the tracks used by the railroad.
*Hazen* v. *Boston & Maine Railroad*, 2 Gray, 574, 580. *Metallic
Compression Casting Co.* v. *Fitchburg Railroad*, 109 Mass. 277.

It is impossible to enumerate all the cases in which such a
necessity may arise ; but it is undoubtedly true, that, in building
a bridge over a railroad for the purpose of laying out a highway,
or in repairing such a bridge upon an existing way, it may be
necessary in certain stages of the progress of the work for the
city or town engaged in it, or its servants, to enter upon the rail-
road in order properly to build or repair the bridge. Whether
such obstruction or use is necessary must depend upon the
peculiar circumstances of each case, and it is incumbent on
those who enter to show that there is a real and imperative
necessity for so doing.

In the case at bar, the city of Boston had made a contract
with two persons to take down and rebuild the abutments of the
bridge on Huntington Avenue over the road of the defendant, and
to make alterations and repairs in the superstructure of the bridge
itself. The contract contained this clause, " that the contractor
must not deposit any stone, earth or other material on the road-
bed of the railroad, nor in any way impede or endanger the pas-
sage of trains during the progress of the work." The persons thus
contracting with the city underlet that portion of the contract
which related to the removal and rebuilding of the abutments to
sub-contractors, and the plaintiff's intestate was employed by

them on that work when he received the alleged injury. The bill of exceptions states that they were removing the abutments or beginning to rebuild them at that time, and it is to be inferred from the evidence reported that the bridge had either been taken down or was then impassable. The defendant had five parallel tracks at this point, and engines and trains were constantly passing over them at intervals of fifteen or twenty minutes, as testified by one of the plaintiff's witnesses.

It appears from the evidence that the work upon both abutments was proceeding at the same time, and that it was the practice of the sub-contractors to cross the tracks constantly, and also for the men employed by them to do so, when directed by those in charge. The plaintiff's intestate, when struck by the defendant's engine, was crossing in obedience to a direction by one of the sub-contractors. The only occasion or necessity for this crossing, as stated by all the witnesses, was that the men were wanted on the one side or the other as the work went on. But it also appears that there was no necessary connection between the construction of the two abutments. All the work on either was done on that side, and it does not appear that there was any difficulty in constructing each abutment separately, or in constructing them both at the same time, if a sufficient number of men were employed. The so-called necessity which required the men to cross arose from the manner in which the contractors undertook to do this particular work, and not from any inherent difficulty arising out of the work itself. It was for the convenience of the contractors that the men should be thus transferred, and not because such transfer was necessary for the proper prosecution of the work.

We are, therefore, of opinion that the jury should have been instructed, as requested by the defendant, that, upon the evidence in the case, the contractors and their servants had no legal right to cross or to be upon the tracks.

*Exceptions sustained.*