BENJAMIN S. BARNES *vs.* BOSTON & MAINE RAILROAD
& another.

Essex.   Nov. 6, 1880. — Feb. 23, 1881.   ENDICOTT & FIELD, JJ., absent.
LORD, J., did not sit.

An oral agreement by a railroad corporation to release to a person one of two
parcels of land included in its location and owned by him at the time the
location was filed, upon the consideration that he should not demand or collect
damages for taking the land so released, is an agreement for the transfer of an
interest in lands within the statute of frauds ; and neither the building of
fences by the corporation, after the making of the agreement, dividing the land
released from the land used by the corporation for its railroad, and the dig-
ging of a new channel for a brook along the dividing line between the land,
nor the refraining by the owner from collecting compensation for the taking
of the land covered by the agreement, and the continued occupation by him of
the land, constitute such part performance as to warrant a decree in equity for
the specific performance of the agreement.

SOULE, J.   This is a bill for the specific performance by the
defendants of two oral agreements made by the Danvers and
Georgetown Railroad Company with the plaintiff, by which that
corporation undertook to release to the plaintiff certain parcels
of land included in its location.   The bill alleges that two of
these parcels were owned by the plaintiff when the location was
filed, and that the others were owned by one Nelson, from whom
the plaintiff bought them, subject to the easement of the cor-
poration, and with the right to receive to his own use the com-
pensation due for the land taken.

The bill further alleges that the corporation, not wishing to
use and pay for all the land included in its location, agreed
orally to release to him the two parcels described in his bill,
which were a part of his estate when the location was filed, and
the four parcels described, which were a part of the estate of
Nelson when the location was filed, the consideration for the
agreement being that the plaintiff should not demand nor col-
lect damages for taking the lands so released.

The bill alleges further that in the year 1855, after the filing
of said location and after the said oral agreements were made,
the Danvers and Georgetown Railroad Company and the New-
buryport Railroad Company united and became one corporation
under the name of the Newburyport Railroad Company which

took the property of the Danvers and Georgetown Railroad Company, with notice of said oral agreements; and that in February 1860 the Newburyport Railroad Company leased its roads, tracks, bridges, franchises, locations and depots to the Boston and Maine Railroad, for the term of one hundred years; and that the lessee took the lease with full knowledge of said oral agreements, and with the understanding between it and its lessor that the lands now in question were not included in the location leased to it.

Thus far the bill states the case of an oral agreement for the transfer of an interest in lands. The taking of the lands in question, by filing a location of the railroad which included them, gave to the railroad corporation an easement in them which entitled it to exclusive possession for the purpose and as a means of exercising the privileges and performing the functions defined by its charter. But the mode of occupation, and the degree of exclusiveness necessary or proper for the convenient exercise of its franchises, were within the absolute discretion of the corporation. Its right was not a fee nor a freehold, but an incorporeal right, subject to which the fee remained in the plaintiff. This right could not be conveyed to a stranger, so as to invest him with authority to occupy the land taken for purposes foreign to the business of the corporation, but was an interest in land which would not pass by an oral agreement. *Hazen* v. *Boston & Maine Railroad*, 2 Gray, 574. *Proprietors of Locks and Canals* v. *Nashua & Lowell Railroad*, 104 Mass. 1.

To take the case out of the operation of the statute of frauds, the plaintiff relies on certain facts, which are stated in the bill, as amounting to such part performance as to give a court of equity jurisdiction to compel a specific performance of the contract.

These facts are of two classes: first, that certain things were done by the railroad corporation which took the lands, or by one of the corporations which have succeeded to its rights in whole or in part; and second, that certain things were done by the plaintiff. The railroad corporation which took the lands is alleged to have built fences, after the oral agreement was made, dividing that part of the lands in question which belonged to

the plaintiff at the taking from that part which the corporation occupied and used for its railroad, and to have dug a new channel for a brook along the dividing line between one of the lots of his land in question and the land occupied by the corporation, and to have diverted into it the waters of a brook which had formerly flowed through lands of the plaintiff not included in the taking.  The corporation is also alleged to have relinquished the use of the lands in question, which formerly belonged to Nelson, and to have received payment therefor by the plaintiff refraining from claiming or collecting damages for the taking thereof.  The matters thus alleged do not constitute part performance which will aid the plaintiff.  There is nothing in the fact that the corporation placed its fences where they were placed, and did not use the part of the land outside the fences, but allowed the plaintiff to continue to use it, which implies the existence of a contract with him.  The diversion of the waters of the brook is no part of the subject matter of the agreement. And, what is more important, the part performance which takes an oral agreement out of the operation of the statute is the doing of such things under and in reliance upon the agreement by the party who seeks to enforce it, that it would be a fraud in the other party to deny the validity of the agreement.  If the party who resists the enforcement of the contract chooses not to stand on what he has done under and in pursuance of it, the other party cannot be aided by it.  Browne on St. of Frauds, § 453, and cases cited.  *Glass* v. *Hulbert*, 102 Mass. 24.

The things done by the plaintiff which are relied on as constituting part performance are two: first, paying the agreed consideration for the release by refraining from collecting compensation for the taking of the lands covered by the agreement; and second, the continued occupation of the premises by the plaintiff.  The refraining from collecting damages for the taking was, at most, nothing more than a payment of price, which it is well settled does not take an oral agreement out of the operation of the statute.  The occupation of the premises by the plaintiff was not under such circumstances as to constitute a part performance.  It is not the case of an entry by one previously a stranger to the title, and a continued occupation by him, obviously adverse to the rights of the corporation under its location.

The corporation never had taken actual possession of the lands to the exclusion of the plaintiff; the fee remained in him, subject only to the right of the corporation to exclude him whenever in its judgment it became necessary or proper to occupy the whole of the land within its location. Till such time as the corporation saw fit to exclude him, the occupation of the plaintiff was naturally to be referred to his preëxisting title and that of his grantor Nelson, and so was not such part performance as would take the case out of the operation of the statute of frauds. This occupation by the plaintiff was not accompanied with or followed by such change of position on his part as would subject him to loss. *Glass* v. *Hulbert, ubi supra.* Browne on St. of Frauds, §§ 476, 477, 478.

The result is, that the decree sustaining the demurrer and dismissing the bill must be                                        *Affirmed.*

*J. P. Jones & B. B. Jones,* for the plaintiff.

*S. B. Ives, Jr. & G. B. Ives,* for the defendants.