# The State of Alabama *ex rel.* Wood v. Williams, Judge, &c.

## *Application for Mandamus.*

1. *Ad quod damnum proceedings; appeal from an assessment of damages.*—Under the provisions of the statute, (Code, § 1720), an appeal from the assessment of damages and compensation in *ad quod damnum* proceedings in the probate court, must be taken within thirty days after the making of the order of condemnation; and after the lapse of that time an appeal will not lie.

APPEAL from the Circuit Court of Mobile.

Heard before the Hon. WILLIAM S. ANDERSON.

This is an appeal from an order of Judge William S. Anderson of the Circuit Court of Mobile county refusing to grant a *mandamus* to Price Williams, Jr., Judge of the Probate Court of Mobile county, to allow an appeal to be taken from a decree of the probate court of Mobile county to the circuit court of Mobile county, to review certain condemnation proceedings begun in said probate court by the city of Mobile against the relator, Walter Wood, on February 13th, 1899. In May, 1899, as shown by the record, Judge Price Williams granted the application of the city of Mobile, to condemn the interests of Walter Wood in the Stein or Mobile City Water Works, and appointed three commissioners to assess the damages and compensation to which said Wood would be entitled under section 1718 of the Code. On May 31st, 1899, the commissioners so appointed by Judge

Williams to assess the damages and compensation to which Mr. Wood was entitled, made their report in writing in accordance with law, fixing the amount at $17,289.27. On June 1st, 1899, the City of Mobile paid the sum of money last named into the probate court in lawful currency of the United States of America, and a final decree was entered by the probate court on said June 1st, 1899, condemning the property described in the application, to the use of the City of Mobile under the Act of the General Assembly of Alabama approved December 10th, 1898, entitled "An act to authorize the city of Mobile, for the purpose of aiding in the erection of its municipal water works, to condemn by eminent domain the outstanding interest in what is known as the Mobile City Water Works."—Acts of 1898-99, p. 139.

The relator, Walter Wood, made an application to Price Williams, Jr., Judge of Probate for Mobile county, in April, 1900, to allow an appeal to be taken in these condemnation proceedings to the circuit court of Mobile county. This application was refused by Judge Williams, and thereupon the relator, Wood, applied to the circuit judge of Mobile county for a writ of *mandamus* commanding Judge Price Williams to grant the appeal, which application was in turn refused by Judge William S. Anderson.

From the judgment rendered by the Judge, refusing to grant the writ of *mandamus*, the petitioner prosecutes the present appeal, and assigns the rendition thereof as error.

BESTOR & GRAY and R. H. CLARKE, for appelllant.—It is plain from a careful study of the decisions and sections of the Code of 1886 and of the Code of 1896, that an appeal lies to the *circuit or city court only* from a decree rendered by the probate court in condemnation proceedings, and that either party is entitled to a trial by jury, and that such appeal can be taken at any time within *one year* under the general law as set forth in sections 457 and 436 of the Code of 1896, and that sections 1717 and 1720 of the Code of 1896 are unconstitutional in so far as they conflict with this view, and article 2 of .

the Code of 1896 and article 14, section 7 of the constitution of the State of Alabama.—*Postal Tel. Co. v. A. G. S. R. R. Co.,* 92 Ala. 331; *Woodward I. Co. v. Cabaniss,* 87 Ala. 330; *Montgomery So. R. Co. v. Sayre,* 72 Ala. 443.

B. B. BOONE, *contra.*—Where the application is granted and no appeal is taken to this Court within thirty days upon the question of law as to whether or not the application has been lawfully granted, (Code, § 1717), and the parties go before Commissioners appointed by the Court, produce evidence and are heard upon the question of damages and compensation, the Commissioners report the amount of damages and compensation to be paid, that sum is paid into Court, and a final decree entered, then and in that event an appeal to the Circuit Court can be had only within thirty days from the date of said decree and a trial de novo had only on the question of damages.—Code, §1720; *Steele v. County Commissioners,* 83 Ala. 304; *Pos. Tel. C. Co. v. A. G. S. R. R. Co.,* 92 Ala. 331; *M. & C. R. R. Co. v. Hopkins,* 108 Ala. 159.

McCLELLAN, C. J.—From the passage of the act of February 28, 1889, to the passage of the act of February 18, 1891, the only appeal from the assessment of damages in *ad quod damnum* proceedings in the probate court was to the circuit court under the general provisions for appeals from the probate to the circuit court embodied in sections 3640 *et. seq.* of the Code of 1886, as to the right to and manner of taking appeals, and in section 3619 of that Code, as to the time within which such appeals should be taken.—*Woodward Iron Co. v. Cabaniss,* 87 Ala. 328; *Postal Tel. Cable Co. v. Ala. Gt. So. R. R. Co.,* 92 Ala. 331. But it was, of course, competent for the legislature to make special provisions for appeals in respect of *ad quod damnum* proceedings and thereby take such appeals out of the operation of laws dealing generally with appeals from the probate court or from orders, etc. of the judge of probate to the circuit court; and this it clearly did do by the act mentioned last above, of February 18, 1891. In the fourth section of that act

is the following provision: "Either party may appeal from the assessment of damages and compensation by the commissioners to the city or circuit court of the county, within thirty days after the making of the order of the commissioners, by filing in the court rendering the judgment," etc., etc. And this provision, somewhat amplified in expression, is embodied in section 1720 of the Code of 1896 in these words: "Either party may appeal from the assessment of damages and compensation by the commissioners to the city or circuit court of the county within thirty days after the making of the order of condemnation upon the report of the commissioners, by filing in the court rendering the judgment a written notice of appeal," etc., etc. Since the approval of the act of February 18, 1891, the foregoing has been, and it is now, the only provision of law for appeals from orders of condemnation entered by courts of probate in these proceedings, excluding, as it necessarily does, the application of the general law on the subject of appeals from the probate to the circuit to appeals in the special proceeding to which it relates.

In the case at bar the order of condemnation upon the report of the commissioners was made and entered on June 1st, 1899. The defendant in the proceedings whose property was condemned filed in the probate court a notice of appeal on April 10th, 1900, acompanied by a sufficient bond for costs and applied for the allowance of an appeal from said order to the circuit court, for a duly certified transcript, etc., etc. This was months beyond the thirty days limited by section 1720 of the Code for taking an appeal from the order, and the judge of probate was clearly right in holding that no appeal could then (be taken and in declining to approve the bond, certify a transcript, etc. The judgment of the circuit court denying the petition for *mandamus* will be affirmed.

Affirmed.