# *Ex Parte* Montgomery Light & Traction Company.

## *Prohibition.*

(Decided April 23, 1914. Rehearing denied May 21, 1914. 65 South. 403.)

1. *Eminent Domain; Prohibition; Ground.*—Under sections 3860, 3875, Code 1907, it is essential to the jurisdiction of the City Court that the petition make out a case under the statute entitling it to condemnation, and in case petitioner did not make out such a case, prohibition will be granted.

[Ex Parte Montgomery Light & Traction Company.]

2. *Same; Property Subject; Street Railroad Tracks in Streets.*—Tracks of a street railroad company laid upon certain streets by the city's permission in which the railroad company acquired no property right, are not comprehended within the broader sense of the term "lands" as used in section 3860, Code 1907.

3. *Same; Extent of Power; Statute.*—The legislature may authorize the use, under certain conditions, of the track of one street railroad by another street railroad.

4. *Prohibition; Grounds; Adequacy of Other Remedy.*—A writ of prohibition will only issue to prevent unauthorized judicial or quasi judicial acts, and will not issue against such act if the petitioner has a plain, speedy and adequate remedy by appeal; hence, in view of section 3882, Code 1907, and notwithstanding the provisions of section 3881, Code 1907, it cannot be said that, where the petitioner does not make out a case sufficient to invoke the jurisdiction of the probate court, or of the circuit or city court on appeal therefrom, the owner had an adequate remedy by appeal, and a writ of prohibition will, therefore, be awarded him.

ORIGINAL petition in the Supreme Court.

Petition by the Montgomery Light & Traction Company for prohibition against the Alabama Traction Company, and Honorable Gaston Gunter, Judge of the City Court of Montgomery to halt certain condemnation proceedings in that court by the Alabama Traction Company pending a decision by the Supreme Court, on the question of jurisdiction. Prohibition awarded.

RUSHTON, WILLIAMS & CRENSHAW, for appellant. After setting out the sections of the Code and the ordinances of the city, governing the attempted condemnation, counsel insist that the probate court had no jurisdiction to condemn the property sought to be condemned.—*A. & G. Ry. Co. v. Jacksonville Ry. Co.*, 82 Ala. 297; *M. & G. R. R. Co. v. A. M. Ry. Co.*, 87 Ala. 501, 520; 203 Pa St. 354; 214 Id. 307; 158 Ill. 390; 32 Wash. 386; Lewis Eminent Domain, § 276; 7 L. R A. 265; 32 Barb. 58; 67 S. W. 525. The tracks of defendant company are neither lands, an interest in lands nor an easement, and are therefore not comprehended within the terms of § 3860, Code 1907.—35 L. Ed. U. S. 1062; 78 N. E. 118;

187 Mass. 500; 47 Pa. St. 468; 57 Miss. 618; Joyce on Franchises, § 34. Corporate franchises are not included within the term "land."—Authorities supra. Section 1267, Code 1907, does not confer any jurisdiction on the probate court, and if it did it is unconstitutional.—Sec. 23, Const. 1901; 112 Ill. 589; 151 Mass. 364, and authorities supra. In the recent case of *W. U. T. Co. v. L. & N. R. R. Co.,* 62 South. 788, the court held that § 3867, Code 1907, was a mere codification of the law of eminent domain as expressed in the Alabama cases cited supra, and the other Alabama decisions to the effect that the probate court had no jurisdiction to condemn the property of one corporation in actual use by it, to the same use of another corporation. Section 1267 is incomplete in that it contains no reference to § 3860, and contains no method of condemnation.—*Miller v. Marx,* 55 Ala. 322; *N. & O. Decatur v. Karcher,* 112 Ala. 679; 47 Ind. 438; 49 L. Ed. 312; Dillon Mun. Corp. § 604.

STEINER, CRUM & WEIL, and W. S. THORINGTON, for appellee. Section 3875, of the Code provides only for appeals from judgment of condemnation by the probate court, and can have no application to this case. In as much as the probate court dismissed the petition for condemnation the appeal to the city court could only be taken under §§ 2855 and 2866, Code 1907, which was effectuated by the filing of the bonds.—*Doe ex dem v. Clements,* 24 Ala. 354. Where the court has jurisdiction of the subject-matter, and the question of its jurisdiction of the persons turns upon some fact to be determined by the court, prohibition is not the proper remedy, even if the decision that it has jurisdiction is wrong.—32 Cyc. 605. It is obvious that an appeal will lie.—*Brickley v. Brickley,* 129 Ala. 403; *Ex parte Green,* 29 Ala. 57. The main proposition presented is the ju-

risdiction of the probate court to entertain a petition by one street railway company to condemn to its joint use certain portions of the owner company's track laid on the streets of the city. Eminent domain extends to every species of property, and to the whole of it and to every part of it, and the word land as used with the relation to right of eminent domain has the largest meaning.—§ 3860, Code 1907; 1 Words & Phrases, 477, 485-7; 8 Id. 7580; 19 A. & Enc. of Law, 1032; 54 N. E. 1076; 38 N. E. 255; 72 N. Y. 230; 50 Ohio 603; 129 N. Y. St. 828; 87 Ill. 317. Even if the condemnation was of petitioner's franchise or a part thereof, the Constitution provides for a proceeding of that kind.—*M. & C. R. R. Co. v. B. S. & T. Ry. Co.*, 96 Ala. 571; § 23, Constitution 1901; §§ 1267, 3482, 3486, 3497, 3501 and 3860, Code 1907; 166 U. S. 673; 16 S. W. 920; 33 S. W. 472; 24 Am. Rep. 545. Section 1267, Code 1907, is constitutional because of the reserved right in the Constitution to alter or amend any corporate charter.—§§ 229 and 338, Constitution 1901; 16 S. W. 920; 118 Mass. 290; 146 U. S. 258.

ANDERSON, C. J.—The probate court refused to grant the application for condemnation, and the order was appealable under section 3878 of the Code of 1907, and which said section seems to have been complied with by the petitioner. Section 3875 relates to appeals from the order of condemnation, and not from an order refusing the application. It is also questionable as to whether or not section 2855 applies to or includes appeals in condemnation proceedings as they are specially provided for in the condemnation laws.—*State v. Williams*, 125 Ala. 116, 28 South. 401. While the order in question was appealable to the city or circuit court, and the stat-

ute provides that the trial shall be de novo, yet it is essential to the jurisdiction of the city court that the petitioner makes out a case under the statute entitling him to a condemnation in the event the petition can be proved.

The petitioner in the lower court seeks to condemn the tracks of the Montgomery Street Railway upon certain streets, as set out in its petition, and is proceeding under section 3860 of the Code of 1907, which says:

"Any county, municipality or corporation organized under the laws of this state, or any person, or association of persons, proposing to take lands, or to acquire an interest, or easement therein, for any uses for which private property may be taken, may, if there be no other mode of proceeding prescribed by law, apply to the court of probate of the county in which such lands, or a material portion thereof, may be situate, for an order of condemnation thereof to such uses."

It must be noted that this statute only authorizes the condemnation of "lands" of another, and, while "lands," as used in said section, may be construed in its broadest sense, it could hardly include the track of the respondent, which is laid in a public highway by the permission of the municipality, and as to which said street the respondent acquired no property right. The interest that it has was not, and could not, be procured by condemnation, but was obtained through the consent of the municipality to use its streets in a certain manner, nor can said interest so acquired be the subject of condemnation under the terms of section 3860. The Supreme Court of Massachusetts, in the case of *Lorain Steel Co. v. Norfolk, etc., Street Ry.,* 187 Mass. 500, 73 N. E. 646, in discussing the nature and character of a street railway track upon the streets of a city as distinguished from an ordinary railway track, says:

"There is, however, a clear distinction between the nature of a right of way acquired by a railroad and the ordinary grant of a location in the public ways to a street railway.

"When not obtained by purchase, a railroad corporation lays its rails on land in which a right in the nature of a permanent easement has been taken by the exercise of the delegated power of eminent domain, and thus an interest in real estate is acquired.—*Barnes v. Boston & Maine Railroad,* 130 Mass. 388.

"Within the limits of the layout it has the exclusive use and control of its roadway for all purposes authorized by its charter, whether by a special act of incorporation, or under the general laws, subject only to such transitory invasions as may be required by a public emergency.—*Proprietors of Locks & Canals v. Nashua & Lowell Railroad,* 104 Mass. 1 [6 Am. Rep. 181]; *Sweeney v. Boston & Albany Railroad,* 128 Mass. 5, 6; *Pierce v. Boston & Lowell Railroad,* 141 Mass. 481, 486 [6 N. E. 96].

"And among the uses to which the location lawfully can be put are not only the construction and maintenance of the roadbed for the running of trains, but also of buildings necessary for carryiny on the business of a common carrier as ordinarily conducted.—*Pierce v. Boston & Lowell Railroad, supra.*

"The interest in land thus acquired and held takes on all of the characteristics of an estate in fee, with the single exception that, where the taking is of an easement alone when the use ceases, the easement is at an end, and, for this reason, the general rule of the common law that what is annexed to the freehold by the owner becomes a part of the realty and passes by his deed is held applicable to conveyances made by a railroad of its right of way, roadbed, and track.—*Butler v. Page,* 7

Metc. [Mass.] 40 [39 Am. Dec. 757]; *Hunt v. Bay State Iron Co.* (97 Mass. 279) *supra.*

"But a street railway gains no easement or freehold interest in the soil or exclusive control of the highways in which a location is granted to lay tracks and operate the road. The right conferred is to use the way within its location in common with others, and not exclusively for its own benefit. The whole way is as fully open to the lawfuly use of travelers after the road is built and in operation as before.—*Middlesex Railroad v. Wakefield,* 103 Mass. 261; *Attorney General v. Metropolitan Railroad,* 125 Mass. 515, 517 [28 Am. Rep. 267]; *O'Brien v. Blue Hill Street Railway,* 186 Mass. 446, 447 [71 N. E. 951]."

We are impressed with the soundness of this holding, and do no think that petitioner's track is comprehended within the term "lands," as used in section 3860 of the Code. The authorities cited by respondent as to the meaning of the words "land" and "real estate," as used in condemnation statutes, simply give the general definition of the words; but none of them hold that a street railway in a public street comes within the terms "land" or "real estate."

That the Legislature may authorize the use, under certain conditions, of the track of one street railway by another, there may be no serious doubt.—Elliott on Roads and Streets, § 966. It may also be true that the Legislature can, under section 23 of the Constitution of 1901, provide for the condemnation of the property or franchise of a street railroad, whether it be land or not; but we are not now dealing with the power that the Legislature may exercise, but with the power which it has exercised, and we find that it has not given the probate court jurisdiction to condemn the property in question.

[Ex Parte Montgomery Light & Traction Company.]

The writ of prohibition will only be issued to prevent unauthorized judicial or quasi judicial acts; that is, to restrain the exercise of a judicial or quasi judicial function when such action is not authorized. Nor will the writ be issued, even in these instances, if the petitioner has a plain, speedy, and adequate remedy by appeal. It may be true that section 3881 gives the right to appeal to this court from the judgment of the circuit or city court in condemnation proceedings; but, under the terms of section 3882, the order of condemnation is not suspended, and this petitioner's property goes into the possession of the condemnor pending the appeal. We cannot, therefore, say that the petitioner has an adequate remedy by appeal, and it would be a useless ceremony to condemn the property and go through the ordeal of assessing damages when the petition does not make out a case sufficient to invoke the jurisdiction of the trial court. The writ of prohibition will accordingly issue restraining the city court from further proceeding in the matter.

Writ of prohibition granted.

McClellan, Sayre, and de Graffenried, JJ., concur.

ON REHEARING.

ANDERSON, C. J.—It is suggested upon rehearing that the opinion of the court takes no account of section 1267 of the Code of 1907, which empowers municipal governments to authorize the use of the tracks of one street railway by another company, and of the ordinance of the city of Montgomery attempting to put the statute into effect between the parties to this cause. The court did not overlook the said statute and ordinance, but made no allusion to same for the reason

that, if they gave the Alabama Traction Company the right to use this petitioner's track, then condemnation proceedings were unnecessary and unwarranted, except perhaps for the assessment of damages, and we did not think, and do not now think, that section 3860 of the Code of 1907 provides for the assessment of damages in a case like this one. If the statute, section 1267, and the ordinance of the city gives the Alabama Company the right to use the petitioner's track, but the assessment and payment of damages is a condition precedent to doing so, then the Legislature has simply failed to provide a method for the fixing or assessment of damages in a case of this kind. It may be true that section 3860 was intended to authorize the condemnation of lands or any interest therein in all cases not specially provided for; but it is not so worded as to include the condemnation of such property as the petitioner's track upon the streets of the city of Montgomery.

Application overruled.