(98 South. 466)

**STOLLENWERCK et al. v. ELMORE COUNTY. (5 Div. 877.)**

(Supreme Court of Alabama. Dec. 20, 1923.)

Eminent domain  ⚏257—Several respondents in condemnation may give joint notice of appeal to circuit court.

In view of Code 1907, § 3861, permitting different tracts and different owners to be joined in the condemnation proceeding, with right under section 3866 to separate hearing, if the owners so desire, joint notice of appeal is enough, under section 3875, providing that any of the parties may appeal from the order of condemnation to the circuit court, and there have trial de novo, by filing a written notice of appeal.

Appeal from Circuit Court, Elmore County; W. M. Lackey, Judge.

Condemnation proceeding by the County of Elmore against Frank Stollenwerck and others. From judgment dismissing appeal to the circuit court of certain respondents, they appeal. Reversed and remanded.

F. Loyd Tate, of Wetumpka, and Ball & Beckwith, of Montgomery, for appellants.

Where the appeal is by several owners, several distinct notices are not required; one notice is sufficient. 20 Cyc. 1105; 20 C. J. 1092; Larson v. Superior, 64 Wis. 59, 24 N. W. 487; Weyer v. M. & L. W. R. Co., 57 Wis. 329, 15 N. W. 481; Code 1907, §§ 3875, 3861; Newton v. Ala. Midland, 99 Ala. 468, 13 South. 259. Amendments to meet appellee's objections were erroneously refused. Code 1907, §§ 2885, 5367. Authorities cited by appellee do not apply.

Holley & Milner, of Wetumpka, for appellee.

Where there is no community of interest, parties cannot join in an appeal. Jones v. Etheridge, 6 Port. 208. Where the judgments appealed from are distinct, and all the parties appealing are not interested therein, the appeal will be dismissed. Cresswell v. Com'rs, 24 Ala. 284.

GARDNER, J. The county of Elmore filed a petition in the probate court of that county seeking condemnation of certain lands therein located, for the establishment of a public highway. The petition contained a number of paragraphs in which were separately described various tracts of land sought to be condemned, and the names of the several owners thereof. Among the respondents to said petition were Frank Stollenwerck, Henry C. Jones, and the Alabama Bridge & Road Company, a corporation. The cause, coming on to be heard, was continued as to all other respondents, and proceeded to trial against those above named.

There were involved as against these respondents two tracts of land. It appears that Stollenwerck and Jones owned an interest in both parcels, while the Alabama Bridge & Road Company owned an interest in only one of the parcels. Assessment was made by commissioners, and a decree of condemnation entered condemning both tracts of land for the use of the county.

Counsel for these respondents filed notice of appeal to the circuit court. Upon the cause being called for trial in the circuit court petitioner moved that the appeal be dismissed upon the ground that it was a joint appeal from two distinct judgments. The court refused to permit any amendment of the notice of appeal offered to be made by the respondents, granted the motion

made by the petitioner, and dismissed the appeal. From this action of the court the respondents have prosecuted the present appeal.

The trial court was doubtless persuaded to a dismissal of these appeals upon consideration of the authorities cited by counsel for appellee of Jones v. Etheridge, 6 Port. 208, and Creswell v. Commissioners, 24 Ala. 284. In the case of Jones v. Etheridge there was involved a judgment against the obligors on two several bonds who had incurred different liabilities, and wherein there was no community of interest. It was held that these several defendants could not join in a single appeal. The case of Creswell v. Commissioners involved a single review by one writ of certiorari to review two separate orders or decrees of the commissioners' court, one establishing a public road and the other granting a license to keep a public ferry. We are of the opinion that these two authorities are without controlling effect upon this appeal.

Our condemnation statute is separate and distinct from other proceedings, and expressly provides that, where there are several tracts of land lying in one county, the petitioner seeking condemnation may join them all in separate paragraphs in the same application, describing the several tracts, and giving the name and residence of the owners thereof (section 3861, Code 1907); and section 3866 provides for a separate hearing as to the right of condemnation where there are several distinct tracts of land owned by different persons, and the owners so desire. It therefore appears that in this particular character of proceeding various owners of several tracts of land may be made parties under one petition, but his rights for a separate hearing are fully protected by virtue of the provisions of the last-named statute. If any of the owners so joined in such petition feel aggrieved by the order of condemnation, the right of appeal to the circuit court is secured by section 3875 of the Code of 1907 by the very simple method of filing a written notice of appeal, a copy of which is to be served on the opposing party or his attorney, and on which appeal the trial shall be de novo.

Respondents Stollenwerck, Jones, and the Alabama Bridge and Road Company, within the time prescribed by the statute, filed in the probate court written notice of the appeal from the judgment of condemnation. There is nothing in the statute requiring a separate notice to be filed by each separate landowner. If the number of landowners, as in the case here, are represented by the same counsel, we see no objection to the notice of appeal being given by such counsel as representing these various owners.

As we gather from the argument of counsel for appellee, had this notice contained the words "separately and severally," its sufficiency would not be questioned and our attention is directed to the fact that in the case of Larson v. Superior, etc., Ry. Co., 64 Wis. 59, 24 N. W. 487, cited by counsel for appellants, the notice therein given contained these words. While it is true that in the Larson Case such was the wording of the notice, yet we are inclined to the view that the argument found in the opinion would have supported the conclusion reached even if these words had been omitted. Speaking to the question of this notice and its purpose, the court said:

"Its sole object is to advise the opposite party that the party giving the notice is not satisfied with the award of compensation and damages made by the commissioners, and desires to have a new award made by a jury and the court."

Clearly, the notice in the instant case served the purpose of advising the opposing party that these several respondents were dissatisfied with the award and damages assessed in favor of each of them, and that they desired the proceedings as to them to be carried to the circuit court for trial before a jury. For all practical purposes it cannot be questioned the notice suffices.

Our condemnation statutes were enacted very clearly with a view to simplify proceedings and to expedite the hearing of the cause thereunder. Different tracts of land are permitted to be set out in the same petition and different owners joined, and full protection is accorded if separate trials are desired. These various owners being permitted to be joined in the same petition, we see no just reason for a more narrow construction of section 3875 supra, authorizing an appeal. If they may be so joined as respondents by the same reasoning there can be no objection to their joining in the notice of appeal, and without a separate notice as to each.

The provisions for appeal require the execution of no bond, and the statute is expressed in very simple language; and we are persuaded that to give to this statute the technical construction insisted upon would be out of harmony with the entire condemnation proceedings. We are therefore of the opinion that the notice of appeal was sufficient under section 3875, and the court below committed error in dismissing the appeal.

Let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.