84 So.2d 765

**Ex parte C. O. ESTES.**

**7 Div. 289.**

Supreme Court of Alabama.

Jan. 12, 1956.

Hugh Reed, Jr., and Jack Livingston, Centre, for petitioner.

Keener & Keener, Centre, for respondent.

LIVINGSTON, Chief Justice.

The question here presented is whether an appeal to the circuit court from an order of condemnation made pursuant to Sec. 16, Title 19, Code 1940, is required by Sec. 17, Title 19, Code 1940, or any other statute, to be effected by executing a bond or giving security for costs.

The town of Centre, Alabama, petitioned the Probate Court of Cherokee County to condemn certain lands belonging to C. O. Estes and others. The judgment of the probate court made the condemnation final upon payment within six months of the amount of the compensation and damages fixed in it. An appeal was undertaken by the town of Centre by filing in the probate court which rendered the judgment of condemnation, and within thirty days of its rendition, a written notice of appeal to the circuit court, a copy of which was served on C. O. Estes, the property owner and defendant in the condemnation proceedings. The proceedings were then certified to the circuit court. Thereupon, defendant Estes moved the circuit court to dismiss the appeal on the ground that no security for costs was given in an effort to take the appeal. The judge of that court overruled the motion to dismiss.

After a motion for rehearing was overruled, this proceeding seeking a mandamus was begun in this court to review the lower court's ruling on the motion to dismiss. This court ordered a rule nisi to issue to the trial judge. In response to that rule, the judge has appeared and demurred to the petition and made an answer. He claims that his order denying the motion to dismiss was properly rendered because the appeal to the circuit court is controlled by Sec. 17, Title 19, supra, which provides for the appeal by filing a written notice of appeal, which has been done.

Petitioner contends that Sections 766, 782 and 792, Title 7, Code 1940, one or all, have application, and require security for costs as a condition to an appeal to the circuit court from any judgment of the probate court.

Section 766, supra, is general in its application and provides for three methods of appeal: (1) when no bond or security is required, by filing a written statement to that effect; (2) by giving security for costs of appeal; (3) by giving a supersedeas bond.

Section 782 applies to all other cases (than those referred to) in which an appeal is taken under the provisions of that article, and requires security for the costs of appeal, which is a condition to its exercise, and without which the circuit court would not acquire jurisdiction. Clary v. Cassels, 258 Ala. 183(8), 61 So.2d 692. That article of the Code relates to appeals from the probate court. Sec. 792 is not in that article of the Code and applies generally to appeals.

Specifically, it would seem that the question is whether Sec. 17, Title 19, supra, provides all the requirements to effect an appeal to the circuit court from an order of condemnation provided for in Sec. 16, Title 19, supra.

This court, in the case of Stanton v. Monroe County, 261 Ala. 61, 72 So.2d 854, 855, in referring to Sec. 17, supra, quoted with approval the following extract from State ex rel. Wood v. Williams, 125 Ala. 115, 28 So. 401:

"That section is 'the only provision of law for appeals from orders of condemnation entered by courts of probate in these proceedings, excluding, as it necessarily does, the application of the general law on the subject of appeals from the probate to the circuit to appeals in the special proceeding to which it relates.' "

Those cases do not expressly refer to the necessity of security for costs to perfect an appeal, but they do exclude from Sec. 17, supra, "the general law on the subject of appeals" in proceedings to which it relates.

It was said in Miller v. State ex rel. Peek, 249 Ala. 14, 29 So.2d 411, 416, 172 A.L.R. 1356:

" ' "Special provisions relating to specific subjects control general provisions relating to general subjects. The things specially treated will be considered as exceptions to the general provisions."

" 'In City Council of Montgomery v. [National] Bldg. & Loan Ass'n, 108 Ala. 336, 18 So. 816, the same principle of construction is found stated in the following quotation there approved:

" ' "When the law descends to particulars, such more special provisions must be understood as exceptions to any general rules laid down to the contrary; and the general rules must not (vice versa) be alleged in confutation of the special provisions." ' "

And in the case of Stollenwerck v. Elmore County, 210 Ala. 489, 98 So. 466, 467, this court distinctly held "that the notice of appeal was sufficient under section 3875 [Sec. 17, supra], and the court below committed error in dismissing the appeal."

It is significant that when an appeal is taken by petitioner from an order refusing to grant a petition for condemnation, the appellant must give security for costs as required by Sec. 20, Title 19, Code 1940, but that condition is not attached to an appeal from an order granting condemnation, which is controlled by Sec. 17, Title 19, supra, not by Sec. 20, supra. Cf. Ex parte Montgomery Light & Traction Co., 187 Ala. 376, 65 So. 403.

In the case of Clary v. Cassels, supra, the court was dealing with an appeal to the circuit court from the probate court under Sec. 216, Title 61, Code 1940. There was no provision in Sec. 216 specifying the manner in which the appeal should be taken. In Sec. 17, supra, there is such a pro-

vision. The same status exists under Sec. 369, Title 15, Code 1940, as to appeals in habeas corpus proceedings. Downs v. Norris, 32 Ala.App. 381, 26 So.2d 418.

We think it is clear that security for costs is not essential to perfect an appeal taken by authority of Sec. 17, supra. A sufficient written notice of appeal was filed and a copy duly served on appellee. The trial court very properly overruled the motion to dismiss the appeal. Therefore, the mandamus prayed for is denied.

Writ denied.

SIMPSON, GOODWYN and MAYFIELD, JJ., concur.