171 So.2d·850

STATE of Alabama

v.

W. P. BROWN & SONS LUMBER COMPANY et al.

I Div. 226.

Supreme Court of Alabama.

Jan. 21, 1965.

Rehearing Denied Feb. 25, 1965.

458

Chason, Stone & Chason, Bay Minette, for appellees.

MERRILL, Justice.

This appeal is from an order of the circuit court dismissing an appeal by the State of Alabama from awards made in the probate court in eminent domain proceedings. The trial court dismissed the appeal on the ground that the notice of appeal was not in compliance with the statute, Tit. 19, § 17, Code 1940, and we concur in that judgment.

The State sought additional land for the improvement of U. S. Highway 31 between Bay Minette and Stapelton and it became necessary to file condemnation proceedings to secure rights of way over forty-seven different parcels of land which were owned by forty different landowners.

Richmond M. Flowers, Atty. Gen., Harvey Elrod, Deputy Atty. Gen., and Kenneth Cooper, Sp. Asst. Atty. Gen., for appellant.

The application for condemnation could have embraced all the different tracts or parcels of land, Tit. 19, § 8; but the State chose to file six separate proceedings, with six separate docket numbers; and there were six separate orders granting the six separate applications; six separate orders appointing commissioners were made; six separate reports of commissioners were filed; and six separate orders of condemnation were entered. The separate orders of condemnation were entered on the same day.

But when the State gave notice of appeal, only one notice was given and the cause purportedly appealed was given the style of State of Alabama against the several landowners of various tracts which were described in the six separate proceedings.

Appeals in condemnation proceedings from probate court to circuit court are governed by Tit. 19, § 17, Harris v. Mobile Housing Board, 267 Ala. 147, 100 So.2d 719; Ex parte Estes, 264 Ala. 20, 84 So.2d 765; State ex rel. Wood v. Williams, 125 Ala. 115, 28 So. 401. Title 19, § 17, provides:

"Any of the parties may appeal from the order of condemnation to the circuit court of the county within thirty days after the making of the order of condemnation, by filing in the court rendering the judgment, a written notice of appeal, a copy of which shall be served on the opposite party, or his attorney, and on such appeal, the trial shall be de novo, and it shall be necessary to send up the proceedings only as to the parties appearing or against whom an appeal is taken."

It will be noticed that the statute gives the right to "appeal from *the* order of condemnation to the circuit court" (emphasis supplied). But here the attempt was to appeal from six different orders of condemnation. The record affirmatively shows that there was no condemnation proceeding docketed in the probate court under the style as given by the notice of appeal, and that no order of condemnation has been made in any case in the Probate Court of Baldwin County wherein the State of Alabama was condemnor and the parties named in the notice of appeal were condemnees.

It follows that appellant has failed to give notice of appeal as required by Tit. 19, § 17, and the trial court properly dismissed the appeal on motions of the landowners. Stanton v. Monroe County, 261 Ala. 61, 72 So.2d 854.

We are not to be understood as holding that the appeal would have been subject to dismissal had there been only one application for condemnation; and the notice had included only the names of those landowners involved in awards in which the State desired to appeal. Had such been the case, we could have applied the holding in Stollenwerck v. Elmore County, 210 Ala. 489, 98 So. 466. But these defendants were not included in the same application for condemnation, but were, by the State's election, defendants in six separate and distinct cases and orders of condemnation; and notice of an appeal in one case is not proper notice in six cases, when the six cases were commenced and filed separately by the condemnor.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.