LARSON, Respondent, vs. SUPERIOR SHORT LINE RAILWAY COMPANY, Appellant.

*September 8 — September 22, 1885.*

RAILROADS: CONDEMNATION OF LAND. *(1) Joinder in notice of appeal. (2) Single appeal as to several parcels: Form.*

1. A single notice that several persons whose lands have been taken for a railroad, appeal, each severally and for himself, from the award of damages made to each of them by the commissioners of appraisal, is sufficient.
2. The owner of several lots or parcels of land taken for a railroad, and for which damages have been awarded separately, may take a single appeal from the whole award; and a notice stating generally that he appeals from the award is sufficient.

APPEAL from the Circuit Court for *Douglas* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This is an appeal from an order of the circuit court refusing to dismiss the appeal in the action. The respondent undertook to appeal from the award of the commissioners appointed by the circuit court to fix the compensation and damages to be awarded the owners of the lands taken by said railway company for the construction of its railroad in the city of Superior and other places in Douglas county.

It appears from the records in this case that the commissioners were appointed on the petition of the railway company; that the respondent was named as one of the owners of lands proposed to be taken for the purposes of said company, and in regard to which the commissioners made their award; that before the respondent gave the notice of appeal below set forth, the award of said commissioners had been duly returned to and filed in the office of the clerk of the circuit court of said county, to wit, on the 29th day of May, 1884; that in said petition the said respondent was named as the owner of lots 1, 2, 3, 4, and 5, in block 91, in

Superior city, and also as the owner of lots 1 and 2, and the south thirty-five feet of lot 3, in block 92, in said city; that said railway company sought to acquire a right of way twenty-six feet in width in Fifth street, in said city, adjacent and in front of said first-named lots; that said company also "sought to acquire a right of way in and to those parts of the last-named lots included between lines parallel with, one on each side of, and each distant fifteen feet from, the center line of the railway of said company, as the same is surveyed, located, and now constructed across said lots; and it further appears that separate awards were made to the said respondent, *Larson*, upon each of the eight lots above described, for the value of the part of each lot taken and the damage to the remainder of the lot by reason of such taking.

It also appears that John Peterson, Anthony Gallagher, and Charlotte Coburn had no interest in the lots so alleged to belong to said *Larson*, and that said parties were each the separate owners of other lots in said city of Superior, parts of which were sought to be taken by said railway company for the use of said company, and in regard to which separate awards were also made to said Peterson, Gallagher, and Coburn.

After the filing of the report of said commissioners with the clerk of said circuit court, and on the 27th day of June, 1884, the respondent, by his attorney Champ Green, filed in the office of the clerk of said court, a written notice, of which the following is a copy:

" *To the Superior Short Line Railway Company:* Take notice that *John P. Larson*, John G. Peterson, Anthony Gallagher, and Charlotte M. Coburn, severally and each for himself, appeals to the circuit court from the award of the commissioners fixing the amount of compensation to be paid each of them by said *Superior Short Line Railway Company* for land taken by said company to be used in the

Larson vs. Superior Short Line R. Co.

construction of a portion of its line of railway, and for damages to land adjoining the land so taken, and filed in the office of the clerk of said court on the 29th day of May, 1884.

[Signed]                    " JOHN P. LARSON,
                            " JOHN G. PETERSON,
                            " ANTHONY GALLAGHER,
                            " CHARLOTTE M. COBURN.
" By CHAMP GREEN, Attorney for each of said Appellants."

Upon filing said notice the clerk of said court entered upon his docket four suits, entitled substantially as follows: *John P. Larson v. Superior Short Line Railway Company; John G. Peterson v. Same; Anthony Gallagher v. Same; Charlotte M. Coburn v. Same.*

After such notice of appeal had been filed, and said actions entered upon the docket of said clerk, the company settled with Peterson for his damages, and had some negotiations with the respondent for the settlement of his claims, but no settlement was made, and afterwards, and on the 15th day of December, 1884, a motion was made by the railroad company to dismiss the respondent's appeal, which was denied, and the company appeals to this court.

*C. L. Catlin*, for the appellant.

For the respondent there was a brief by *S. F. White* and *Champ Green*, and oral argument by *Mr. White.*

TAYLOR, J.   It is claimed by the learned counsel that the appeal should have been dismissed " (1) because it was an attempt to base four separate and distinct actions upon one process; (2) because the appeal is bad for duplicity, in that it attempts to take up four separate and distinct judgments by one appeal; (3) the appeal is bad for uncertainty, in that it fails to state the subject matter appealed from, and is misleading."

The first and second objections relate to the joinder of the several separate owners of the lands and of the damages awarded therefor in the notice of appeal. It is, perhaps, a little out of the ordinary way of taking appeals in such cases to join separate owners as appellants in the same notice; but when the notice on its face shows that each party gives the notice separately and on his own behalf, and not in behalf of another, there does not appear to be any grave objection to such notice. Certainly each of the parties whose name is to the notice, gives the notice required by sec. 1849, R. S. It is a written notice of appeal, which the clerk of the court and the company can understand as well as though four separate notices had been made out and filed with the clerk.

It is not strictly correct to say that this notice of appeal is the commencement of an action in the circuit court by each appellant against the railway company. The statute does not say so, and it is not so in fact. The parties are already in court before any appeal is taken, by reason of the proceedings before had on the petition of the company. On filing the award of the commissioners, each separate award has the effect of a judgment in favor of the owner of the lands against the railway company; and if the company fails to pay the amount so awarded, the owner may have execution thereon against the company for the amount so awarded. See sec. 1850, R. S. 1878. The notice to be filed with the clerk is not a process to bring the parties into court, for they are already there. Its sole object is to advise the opposite party that the party giving the notice is not satisfied with the award of compensation and damages made by the commissioners, and desires to have a new award made by a jury and the court. When such notice is given, the statute says, "The appeal shall be considered an action pending in court," etc., not an action commenced in such

court. The original petition filed by the railway company, asking for the appointment of commissioners to fix the compensation and damages which it shall be compelled to pay in order to take the desired lands, is the commencement of an action against all the owners of the lands desired by the company. In that action the company is the plaintiff, and all the owners the defendants (see sec. 1847, R. S.), and the award of the commissioners has the effect of a judgment against the company in favor of each separate owner. Sec. 1850, R. S.

The strict rule which applies to appeals from the judgments of one court to a higher or appellate court should not apply to a case of this kind, when the case is already in the court, and where a new trial is sought to be had in the same court. We think the notice was sufficient, and that the clerk of the circuit court was right in entering in his docket an action in favor of each of the appellants against the railway company.

There does not appear to be any great force in the other objection that the notice of appeal is not sufficiently certain, because the award shows that *Larson* was awarded damages for taking parts of separate and distinct parcels of land. We think it would be intolerable and unjust to require the owner of a dozen or more separate lots, parts of which are taken by the company, to bring a separate appeal for each lot, and if he could and should do so, it is very clear the court would direct but one trial for all the damages claimed. See *Washburn v. M. & L. W. R. Co.* 59 Wis. 364, 378. The notice of appeal in this case is sufficiently certain. It is an appeal from the award made to him by the commissioners for all the lands taken by the company which are described as owned by the plaintiff in such award, and, so far as the record is concerned, it does not appear that the respondent makes any claim for damages except as to those lots which are described as his in the

petition, and for the taking of which he was awarded damages by the commissioners.

We think there was no error in refusing to dismiss the appeal of the respondent in this case.

*By the Court.*— The order of the circuit court is affirmed.