STATE, BY CLIFFORD L. HILTON, ATTORNEY GENERAL v.
LESTER UMBERGER AND OTHERS.[1]

July 18, 1924.

No. 24,045.

**Appeal by state was taken within time allowed by statute.**

> Proceeding to condemn a right of way for a state highway. The appeal of the state from the award of damages was dismissed as not taken within the time allowed therefor. *Held* that the statute intends that the petitioner shall have the same period of time as the landowner in which to appeal, subject to the right of the landowner to have the proceeding dismissed where a dismissal is authorized by G. S. 1913, § 5410, and that the appeal was taken in due time.

At the request of the commissioner of highways the attorney general instituted condemnation proceedings in the district court for Winona county for land for Trunk Highway No. 3. The court appointed commissioners, who made awards and filed their report. From the awards, the state appealed to the district court for Winona county where the appeal was heard by Callaghan, J., who made findings and dismissed the appeal for the reason stated in the first paragraph of the opinion. From the order dismissing the appeal, the state appealed. Reversed.

*Clifford L. Hilton,* Attorney General, *G. A. Youngquist,* Assistant Attorney General and *Victor E. Anderson,* Assistant Attorney General, for appellant.

*Tawney, Smith & Tawney* and *E. D. Libera,* for respondents.

TAYLOR, C.

At the instance of the commissioner of highways, the attorney general instituted proceedings on behalf of the state in the district court of Winona county, under sections 5397 to 5411 of the General Statutes of 1913, to acquire a right of way for Trunk Highway No. 3 across certain lands in that county. Commissioners appointed to

[1]Reported in 199 N. W. 906.

assess the damages for the taking of these lands made their awards and filed their report on November 17, 1923. The attorney general, on behalf of the state, appealed to the district court, on December 19, 1923, from the awards made to the respondents. On motion of the respondents the appeal was dismissed on the ground that it was not taken within 30 days after service of notice that the report of the commissioners had been filed. The state appeals from the order of dismissal.

Section 5403 provides:

"Upon payment by the petitioner of the fees and disbursements of said commissioners * * * they shall sign and deliver to the petitioner a notice that said report has been filed, which notice said petitioner shall cause to be served and published as provided in § 5399."

Section 5407 provides:

"At any time within thirty days after service of the notice that the report has been filed, the owner of lands taken may appeal to said district court from any award of damages embraced in said report, or from any omission to award damages to the appellant for the taking of lands claimed by him, by filing with the clerk a notice of such appeal. Said notice shall specify the particular award or failure to award appealed from, the nature and amount of his claim, the land to which it relates, and the grounds of his appeal. The petitioner may also in like manner appeal."

Section 5410 provides:

"If the award be not paid within sixty days after such filing, or, in case of an appeal within the like period, after final judgment thereon, the court, on motion of the owner of the land, shall vacate the award and dismiss the proceeding as against such land. And when the proceeding is so dismissed, or the same is discontinued by the petitioner, the owner may recover from the petitioner reasonable costs and expenses, including fees of counsel."

Upon payment of their fees and disbursements by the petitioner, the commissioners are required to sign and deliver to him a notice

that their report has been filed, and he is required to serve this notice upon the landowners. The respondents contend that the delivery of this notice to the petitioner constitutes service upon him, and limits the time within which he may appeal to 30 days from the date he receives the notice. We are unable to sustain this contention. The commissioners are not parties in interest and are not required to serve this notice on the petitioner, but only to deliver it to him upon payment of their fees and disbursements. The petitioner is required to serve it on the landowners, and must pay these fees and disbursements in order to obtain it for the purpose of making such service. The delivery of the notice by the commissioners is clearly not intended as service on the petitioner for such delivery is not to be made until the petitioner has performed the condition precedent of paying their fees and disbursements.

The statute makes provision for serving this notice on the land owners, but makes no provision for serving it on the petitioner. The statute provides that a landowner may appeal within 30 days from the service of this notice, and prescribes the procedure for taking the appeal. It then adds: "The petitioner may also in like manner appeal." We take it that the legislature, by providing that the petitioner may appeal in like manner as the landowner, with no other provision specifying the procedure or time for doing so, intended that the provisions governing the landowner and fixing the time within which he may appeal should also govern the petitioner and fix the time within which the petitioner may appeal. In other words, that the service of the notice on a landowner by the petitioner was intended to fix the time within which either may appeal, and that either may appeal within 30 days from that date. It must be admitted that the legislative intention is not expressed with the clearness and certainty desirable in such matters; but what rule shall be adopted is not so important as that it be settled and be definite and certain. Unless the limitation imposed upon the landowner also applies to the petitioner, the only limitation upon the time within which the petitioner may act after the filing of the report, found in the statute, is in section 5410.

This section gives a landowner the right to have the proceeding dismissed as against his land and to recover his costs and expenses, if the petitioner fails to pay the award within 60 days after the filing of the report, or, if an appeal has been taken, within a like period after final judgment on the appeal. It does not purport to prescribe or limit the time for appealing, but it gives a landowner the power to annul the proceeding so far as it affects his land, unless, within 60 days from the filing of the report, the award is paid or an appeal is taken. The legislature gave this power to the landowner so that the petitioner could not prolong the proceeding beyond the time specified, nor gain any advantage by delaying service of the notice.

We hold that the statute intends that the petitioner, as well as the landowner, may appeal at any time within 30 days after service of the notice, but subject to the right of the landowner to have the proceeding dismissed in any case in which a dismissal is authorized by section 5410.

In the present case the appeal having been taken less than 60 days after the filing of the report and less than 30 days after the service of the notice on the landowners, it was taken within the time allowed therefor.

Order reversed.