## UNITED STATES v. 8,557.16 ACRES OF LAND IN PENDLETON COUNTY, W. VA., et al.

### No. 1307.

District Court, N. D. West Virginia.
Feb. 20, 1935.

312

Howard L. Robinson, of Clarksburg, W. Va., and Joseph V. Gibson, of Kingwood, W. Va., for the United States.

BAKER, District Judge.

This is a proceeding in which the United States government seeks to file its petition in the above-styled cause, seeking to condemn 8,557.16 acres of land, situate in Pendleton county, W. Va., under the Weeks Forestry Act (36 Stat. 961), as amended.

It appears from the petition tendered that thirty-one parcels of land so sought to be taken, are owned by the estate of B. H. Hiner, deceased, and contains 8,215.20 acres; that another tract embraced in said petition is owned by Davis, Mullenix & Lindsey, a corporation, and contains 241.50 acres; that another tract embraced in said petition is owned by H. A. Kimble and contains 100.46 acres. It further appears from said petition there is no community of ownership in the said B. H. Hiner lands, Davis, Mullenix & Lindsey land, and the H. A. Kimble land, with each other.

It further appears that said request and letters tendered as exhibits with said petition do not cover any of the said tracts owned by any of the parties made defendants to said petition, but attempts to cover the combined acreage of all of said separate ownerships in the land described in said petition.

Quære: Are the requests and orders filed as exhibits sufficient?

Second, can said several tracts, with diverse ownership, be combined in one petition?

■ As to the first question, I have no hesitancy in stating that the requests and orders filed as exhibits, under the law, are required to cover the separate ownerships of lands sought to be taken.

As to the second question, to wit, the combining of tracts with diverse owner-ships in the petition tendered, I find upon investigation:

Under the provisions of the statute authorizing condemnation proceedings by the United States, the practice, pleadings, forms, and modes of proceedings in such cases conform, as near as may be, to those of the respective states. USCA title 40, § 258.

■ A single condemnation proceeding affecting distinct lots of land owned by several persons presents several distinct controversies, any one of which, in a proper case, may be removed to the federal court independently of the others. Hughes Fed. Practice, vol. 4, § 2398; Encyc. Fed. Procedure, vol. 7, § 3625.

■ The federal government has no right giving it the absolute right in the Constitution, to exercise the power of eminent domain, but is forced to rely upon the common-law right, as the right of eminent domain is a right inherent in all governments and is an incident to sovereignty. Spring Valley Water Works v. Schottler, 110 U. S. 347, 4 S. Ct. 48, 28 L. Ed. 173.

■ All private property is held subject to the necessities of the government. The right of eminent domain underlies all such rights of property. United States v. Lynah, 188 U. S. 445, 23 S. Ct. 349, 47 L. Ed. 539.

It thus being clear that the federal government has a right to condemn, it then becomes a question of whether or not, under the Weeks Forestry Act, the citizens within the national forest area have been or could be arbitrarily deprived of their rights.

Title 16, § 480, USCA, says: "The jurisdiction, both civil and criminal, over persons within National Forests shall not be affected or changed by reason of their existence, except so far as the punishment of offenses against the United States therein is concerned; the intent and meaning of this provision being that the state wherein any such National Forest is situated shall not, by reason of the establishment thereof, lose its jurisdiction, nor the inhabitants thereof their rights and privileges as citizens, or be absolved from their duties as citizens of the State."

We thus see the citizens are guaranteed all the rights by the very act itself.

We will next consider the nature of proceedings to be had upon a taking of land for public purposes.

■ Federal courts must follow the methods required by the state statute, in addition to the local law for the condemnation of property, so far as required to meet the needs of justice. Madisonville Traction Co. v. St. Bernard Mining Co., 196 U. S. 239, 25 S. Ct. 251, 49 L. Ed. 462; Fernandez y Perez v. Perez y Fernandez, 202 U. S. 80, 26 S. Ct. 561, 50 L. Ed. 942.

■ Local laws, as to procedure, mode of trial, and assessment of damages, are binding upon federal courts, if they do not in effect deprive the landowner of a jury trial. Chappell v. U. S., 160 U. S. 499, 16 S. Ct. 397, 40 L. Ed. 510.

■ The mode of exercising the right of eminent domain is within the discretion of the State Legislature, and there is no limitation in the power of the Legislature in this respect, so long as the landowners' constitutional rights are protected. Chicago, B. & Q. R. R. Co. v. Chicago, 166 U. S. 226, 17 S. Ct. 581, 41 L. Ed. 979; Backus v. Depot Co., 169 U. S. 557, 18 S. Ct. 445, 42 L. Ed. 853.

■ Where a statute for the condemnation of land provides a definite and complete remedy for obtaining compensation, this remedy is exclusive. The common-law rule of proceeding is superseded by the statute. Kaukauna Water-Power Co. v. Canal Co., 142 U. S. 254, 12 S. Ct. 173, 35 L. Ed. 1004.

■ The question as to whether or not the notice is sufficient, the time and conditions of its service, is one for the determination under the state law in a federal proceeding. Baltimore Traction Co. v. Baltimore Belt Railroad Company, 151 U. S. 137, 14 S. Ct. 294, 38 L. Ed. 102.

■ The state of West Virginia has, by statute, given its consent to the acquisition by the United States, by condemnation, of any property within the state desired for certain purposes (Michie's Code of West Virginia, 1-1-3), however, the state of West Virginia cannot give the federal government any rights or powers that it does not have itself. It can grant to the federal government equal rights with itself, which it has done; but it cannot go beyond that, for to do so would deprive the citizens of the states of rights guaranteed to them under the Constitution and state laws.

■ The procedure in the state of West Virginia under eminent domain is set out in the Official Code of West Virginia 1931, c. 54, art. 2. Article 2 of section 2 of chapter 54 is as follows: "The pleadings shall be in writing and shall be verified. The petition shall describe with reasonable certainty the property proposed to be taken, *and may embrace one or more parcels of land where the ownership is the same."*

Prior to the Revised Code of West Virginia of 1931, the statute covering condemnation proceedings was as follows: "The proceeding may be instituted jointly against all the owners of the real estate proposed to be taken, lying within the county, including tracts lying partly therein and partly in an adjoining county, or it may be instituted against the owners of one or more parcels." Barnes' Code 1923, c. 42, § 4.

I find in "Revisers' Note" Official Code of West Virginia 1931, under chapter 54, art. 2, § 2, the following notation: "It is not deemed wise to permit joining the owners of distinct and separate tracts of land in the same proceeding, as each owner should be permitted to defend his rights without uniting in other matters in which he has no interest."

From the history of this statute, it is most clear that the Revisers of the Code of West Virginia had in mind abrogating the old statute (old section 4 of chapter 42), and adopting section 2, art. 2, of chapter 54 in lieu thereof.

I do not find a reported case wherein the Supreme Court of West Virginia has passed upon this question; however, I do have personal knowledge of the case of the County Court of Preston County against W. S. Jenkins et al., instituted in Preston county, wherein the county court sought to combine in one petition condemnation through five several farms, severally owned. A demurrer to the petition was sustained by the trial court. Petition for appeal to the Supreme Court of West Virginia was most ably argued. After consideration the Supreme Court unanimously denied the appeal.[1] Thereupon, the county court of Preston county instituted separate suits against the several owners.

In view of the fact that eminent domain statutes are construed strictly, it is absolutely necessary that these statutes be followed closely at every step of the proceeding, otherwise sovereign acquires no title to the property attempted to be condemned.

---

[1] No written opinion filed.

Under the petition tendered to be filed by the government in this case on this date, I am constrained to hold the government has not complied with the statute, that this court has no jurisdiction under the tendered petition, that it is the duty of the court to raise questions of jurisdiction on its own motion; therefore, said petition will not be permitted to be. filed.

Order may go accordingly.