STATE, BY HARRY H. PETERSON, v. MARGARET SEVERSON AND OTHERS.[1]

June 14, 1935.

No. 30,450.

[1] Reported in 261 N. W. 469.

*S. W. Jensch,* for appellant.

*Harry H. Peterson,* Attorney General, and *Ordner T. Bundlie,* Assistant Attorney General, for the State.

JULIUS J. OLSON, JUSTICE.

In condemnation proceedings duly brought by the state to acquire right of way for a state trunk highway in Hennepin county, the property of Margaret Severson, hereinafter referred to as appellant, was included. The proceedings were had pursuant to and in conformity with 2 Mason Minn. St. 1927, § 6557-1. The commissioners made and filed their awards and report on June 14, 1934. Appellant sought to appeal therefrom but did not do so until July 25, 1934. The state moved to dismiss the appeal because not taken within the time permitted by statute, and its motion was granted. The appeal is from that order.

The applicable section of the statute reads (2 Mason Minn. St. 1927, § 6557-1[b]):

646

"At any time within 30 days from the date of the filing of such report, any party to the proceeding may appeal from any award of damages embraced in said report, or from any omission to award damages, by filing with the clerk a notice of such appeal. Such notice of appeal shall specify the particular award or failure to award appealed from, the nature and amount of the claim, the land to which it relates, and the grounds of the appeal. Upon appeal the prevailing party shall recover costs and disbursements."

Appellant concedes that she was too late to come within the quoted provision but claims that the section is unconstitutional in that it is in contravention of art. 4, §§ 33 and 34, of our constitution; in other words, that it is special legislation. We are referred to State ex rel. Bd. of Ed. v. Brown, 97 Minn. 402, 106 N. W. 477, 5 L.R.A.(N.S.) 327; State ex rel. Bd. of C. & C. H. Commrs. v. Cooley, 56 Minn. 540, 58 N. W. 150, and other cases of similar import. The burden of her argument is that as other condemners must serve notice upon the landowners included in the award to set in motion the 30-day limitation within which an appeal must be taken therefore the quoted section gives to the state an unfair preference in a matter of procedure and that as such the legislation is special and so violative of the constitutional provision mentioned. In this we think appellant is in error. It must be conceded that eminent domain is a right possessed by the state in its sovereign capacity. It is an inherent and essential attribute or prerogative of sovereignty. It is not conferred by the constitution. Private property in general is held subject to the control of the sovereign power to be exercised through the legislature for public use. The foundation for that idea rests in public necessity. The right is restricted only by the constitution. The power to exercise the right rests exclusively in the legislative department of the government and can be exercised only as authorized by that branch. There is no vested right to acquire property by condemnation under any general law; hence the law may be modified in the discretion and at the will of the legislature. The necessity, propriety, or expediency of exercising the power is exclusively within legislative control. It

is a political or legislative question and is not open to judicial review. Judicial power comes into play only to the extent that the constitution guarantees to the owner of property right to compensation. See 2 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) §§ 3012, 3013, 3014, 3080, and cases cited in the notes; also 10 R. C. L. p. 6, *et seq.* And it is generally "considered that the power of eminent domain is not a property right or an exercise by the state of an ultimate ownership of the soil, but that it is based on the sovereignty of the state. As that sovereignty includes the right to enact and enforce as law anything not physically impossible and not forbidden by some clause in the constitution, and the taking of property within the jurisdiction of the state for public use on payment of compensation is neither impossible nor prohibited by the constitution, a statute authorizing the exercise of eminent domain needs no further justification." 10 R. C. L. p. 13, § 10.

Appellant seems to think that condemnation proceedings are the same in all cases and that the only exception thereto is that provided by the quoted section. This, however, is not the fact. We shall not attempt to enumerate the many provisions under our law by which private property may be taken for public use. A few examples will suffice. Thus we find under 1 Mason Minn. St. 1927, §§ 1552 to 1558, that provision is made for designation and taking of property for streets, parks, and parkways. Sections 6558 to 6566 relate to proceedings that may be taken by counties to obtain sites for county buildings, and § 2582 provides for the acquisition by counties of right of ways for its highways. Under the drainage statutes property may be taken for right of way and for other purposes necessarily required to establish an adequate drainage system. In all these proceedings, as here, the dissatisfied landowner may appeal to some other tribunal than the one passing upon his claims in the first instance. It is interesting to note too that in all of these no notice is required to set in motion the time within which the appeal must be taken. There are many other proceedings of similar nature and purpose provided under our law, but no useful purpose will be served by further reference thereto. There can be no doubt that the legislature had power to enact the statute

here assailed by appellant. Such authority is everywhere recognized. In 20 C. J. p. 875, § 302, we find that "general statutes have been adopted prescribing a special procedure applicable to particular classes of cases, the classification being based either on the nature of the purpose for which the property is sought to be taken or on the character of the party seeking to take it. Thus, a special procedure is commonly provided where property is sought to be taken for the purpose of a street or highway; a park; a drain, levee or sewer; a canal or water way; a wharf or dock; irrigation or water supply; a dam; a railroad; a turnpike or toll road; a telegraph or telephone line; or electric light and power supply; which enumeration of purposes involves the classification, just alluded to, based on the character of the party seeking condemnation, as where *petitioner is a state or a state officer or board;* a city, county, or town, or a municipal officer or board; a drainage, levee or irrigation district; a water works company; a railroad company; a turnpike or toll road company; a telegraph or telephone company; or an electric light and power company."

That the legislature has power to classify subjects of legislation has been settled by many of our decisions. The courts may not interfere with such legislation unless it shall appear that "the classification is so manifestly arbitrary as to evince legislative purpose of evading the constitution." State ex rel. Flaten v. Independent Sch. Dist. 143 Minn. 433, 435, 174 N. W. 414, 415. "The mere fact that the act may apply to only one or only a few municipalities is unimportant; if the classification is not arbitrary or special but applies generally and uniformly throughout the state, the classification will be upheld." Board of Education v. Borgen, 192 Minn. 367, 375, 256 N. W. 894, 897. This is the situation here.

Order affirmed.