STATE, BY WILLIAM S. ERVIN, ATTORNEY GENERAL, v.
MARY MAY AND OTHERS.
ALOIS BURDA AND FRANK M. KORBEL, INTERVENERS.[1]

No. 31,992.

February 24, 1939.

[1]Reported in 285 N. W. 834.

*William S. Ervin,* former Attorney General, *Ordner T. Bundlie,* former Assistant Attorney General, *J. A. A. Burnquist,* Attorney General, *Arthur Christofferson,* Deputy Attorney General, *John E. Katzmarek* and *Sam W. Campbell,* Special Assistant Attorneys General, and *Bert McMullen,* Special Counsel for Department of Highways, for appellant.

*H. G. Dressel* and *Moonan & Moonan,* for intervener-respondents.

LORING, JUSTICE.

The intervening respondents have moved to dismiss the appeal in the above entitled matter on the ground of duplicity and nonappealability. The proceeding was one to condemn land for highway purposes, and the two interveners, owning separate parcels, were made parties to the proceedings. The commissioners awarded $660 damages to Alois Burda and $350 damages to Frank M. Korbel. The state by one notice of appeal attempted to appeal from both these awards, and when the appeal came up for hearing in the district court it was dismissed for duplicity by what was in effect a separate order as to each award. Upon notice, judgment was entered for each intervener for the amount of his award plus interest and costs. After the entry of these judgments the state attempted to appeal to this court from the orders of the district court dismissing the appeal to that court from the awards of the commissioners.

All other questions aside, we consider the challenge to the appeal on the ground of duplicity. The right of appeal is strictly statutory, and unless the statute authorizes a joint appeal from separate awards the appeal must be dismissed for duplicity. The condemnation proceedings may very properly include in one petition numerous tracts or parcels of land which the state, in the exercise of its right of eminent domain, desires to take or damage in one project; but when the proceeding has reached the point where the commissioners have made their awards the interests of the state and those of each landowner become separate and distinct as to each award,

and, unless the statute authorizes the owners of separate parcels to join in one appeal from the awards made them, they cannot do so. We think the same reasoning applies to the state when it is dissatisfied with the awards made to the owners of distinct and separate parcels of land. It must take a separate appeal as to each unless the statute specifically authorizes otherwise. We find no such provision in the statute. 2 Mason Minn. St. 1927, §§ 6549, 6557-1. Burda has no interest in the award or judgment made in favor of Korbel against the state, nor has Korbel any interest in the award or judgment made in favor of Burda. It is true that the two appeals were to be tried before the same jury, apparently by consent and for the convenience of the parties, but they were not otherwise consolidated and could not well be.

What we have said relative to the appeals to the district court applies with equal force to the appeals to this court. 3 C. J. p. 354, [§ 108]; 4 C. J. S., Appeal and Error, § 37; Ballou v. C. & N. W. Ry. Co. 53 Wis. 150, 10 N. W. 87; Village of Broadview v. Dianish, 335 Ill. 299, 167 N. E. 106; County of Sangamon v. Brown, 13 Ill. 207.

The cases cited by the state in support of its position are: State, by Hilton, v. Umberger, 160 Minn. 197, 199 N. W. 906, and State, by Benson, v. Lesslie, 195 Minn. 408, 263 N. W. 295. In neither of these cases was the question raised that is here involved. The appeal must be dismissed.

So ordered.

AFTER REARGUMENT.

On May 19, 1939, the following opinion was filed:

PER CURIAM.

The state relies upon St. Paul & Sioux City R. Co. v. Murphy, 19 Minn. 433 (500); upon Watson v. Milwaukee & M. Ry. Co. 57 Wis. 332, 15 N. W. 468; Larson v. Superior Short Line Ry. Co. 64 Wis. 59, 24 N. W. 487; and Stollenwerck v. Elmore County, 210 Ala. 489, 98 So. 466. The last case cited seems to have been decided wholly on the ground of convenience to the landowners and wholly

without reference to principles of procedure. The Minnesota case did not involve the question of duplicity but only the interpretation of the notice of appeal. In the Wisconsin cases the court regarded the condemnation proceeding as a civil action against all the landowners whose property was sought in the petition. In this state we regard the exercise of the right of eminent domain by condemnation proceedings as an exertion of the legislative power, 2 Dunnell, Minn. Dig. (2 ed. & Supps.) § 3014; the "judicial power comes into play only to the extent that the constitution guarantees to the owner of property right to compensation," State, by Peterson, v. Severson, 194 Minn. 644, 647, 261 N. W. 469, and of course to determine if the taking is for a public purpose. It follows that the proceeding up to the time awards are made is essentially legislative and only quasi judicial in character, 2 Dunnell, Minn. Dig. (2 ed. & Supps.) § 3079, and consequently a single petition embracing several parcels is justified, the commissioners' award of damages being a necessary incident to the proceeding, which takes the form of one *in rem (Id.)*; but as soon as the amount of the commissioners' award becomes controversial by the taking of an appeal the matter assumes the nature of a judicial proceeding, and rules relative to such proceedings apply. Each award becomes a severable subject of controversy. Therefore appeals become vulnerable to the charge of duplicity as in other judicial proceedings. There was absolutely no community of interest between the two landowners here, and there could no more be one appeal from the two awards than there could be one appeal from two entirely separate judgments in wholly different cases. To us 2 Mason Minn. St. 1927, § 6557-1, clearly contemplates separate appeals from separate awards. That a different practice may have prevailed does not in our minds warrant a construction obviously erroneous.

We adhere to our former conclusion and the views expressed in our original opinion.

Mr. Chief Justice Gallagher, took no part in the consideration or decision of this case.

Mr. Justice Hilton, being incapacitated by illness, took no part.