## UNITED STATES v. FEDERAL LAND BANK OF ST. PAUL et al.

### No. 12153.

Circuit Court of Appeals, Eighth Circuit.

April 13, 1942.

Frank J. Dugan, of Washington, D. C., Atty., Department of Justice (Norman M. Littell, Asst. Atty. Gen., C. U. Landrum, Sp. Asst. to U. S. Atty., of Detroit Lakes, Minn., and C. R. Denny and W. Robert Koerner, both of Washington, D. C., Attys., Department of Justice, on the brief), for appellant.

R. N. Nelson, of Breckenridge, Minn. (A. R. Johanson and A. H. Winter, both of Wheaton, Minn., on the brief), for appellees, other than Federal Land Bank of St. Paul.

Before SANBORN and WOODROUGH, Circuit Judges, and TRIMBLE, District Judge.

TRIMBLE, District Judge.

The United States of America, appellant here, filed a petition in condemnation in the above-entitled proceedings, in which petition it described some 81 tracts of land to be acquired. Commissioners were duly appointed, and on February 15, 1941, they filed one report in which they grouped the 81 parcels of land according to ownership into 25 separate and distinct awards. On March 15, 1941, within the time allowed by the law of Minnesota for appeals from awards, the government filed a single notice of appeal including therein all 25 separate and distinct awards. It is conceded that the 25 parcels were under separate and distinct ownership, and there was no community of interest between the different owners. Within apt time, separate motions were filed by the defendants below, appellees here, seeking orders dismissing the appeal from the awards, and upon hearings the court below granted these motions and on May 24 and 27, 1941, entered orders dismissing the appeal from the awards. Thereafter, the government moved for leave to amend its appeal "by making and filing separate appeal as to each group of tracts of land, * * * the tracts to be grouped according to ownership according to the Commissioners' awards." The time allowed by the Minnesota statutes for appeal from commissioners' awards having expired, the Court denied the motion to amend, holding in words or effect that the Government's single notice of appeal was not merely a technical defect, because, under Minnesota law, "no jurisdiction is obtained by this abortive attempt to appeal." Within the time provided, an appeal was perfected by the Government to this Court upon the specification of error that: "The district court erred in holding that in condemning land in a federal court the United States, as a prerequisite to trial in the district court upon appeal from awards made in a commissioner's report, must file a separate notice of appeal as to each award."

In line with this specification of error, appellant in its brief and arguments before the court makes the contention that the statute upon which the proceeding is bottomed is the Act of August 1, 1888, c. 728, sec. 2, 25 Stat. 357, 40 U.S.C.A. § 258, while the appellees here, movants in the court below, maintain that the condemnation proceedings in this case was or should have been brought under the provisions of the Act of April 24, 1888, c. 194, 25 Stat. 94, 33 U.S.C.A. § 591, and ask the court to apply the provisions of that statute on this appeal. However, as the court views this case as a whole, the decision must be the same regardless on which of the two statutes the action is bottomed.

The appellees in their brief state the issues which they conceive to be involved as follows:

1. Practice and procedure in eminent domain proceedings in federal court must conform substantially to the practice of the state in which the action is brought.

2. In Minnesota the filing of separate notice of appeal is jurisdictional.

With the first of these issues as stated by the appellees, the appellant does not take issue, but, at least by implication, concedes it to be a correct statement of the law. However, it contends there are limitations to the conformity required which will be noticed later.

It is well settled that practice and procedure in condemnation proceedings in federal court must be according to the forms and modes provided in the state where the proceedings are had. In the case of Kaukauna Water-Power Co. v. Green Bay & Mississippi River Canal Co., 142 U.S. 254, 255, 272, 12 S.Ct. 173, 177, 35 L.Ed. 1004, the Supreme Court said: "It is his private property, under the protection of the constitution, and it cannot be taken, or its value lessened or impaired, even for public use, 'without compensation,' or 'without due process of law;' * * *. With respect to such rights, we have held that the law of the state, as declared by its supreme court, is controlling as a rule of property." Citing Barney v. Keokuk, 94 U.S. 324, 24 L.Ed. 224; Packer v. Bird, 137 U.S. 661, 11 S.Ct. 210, 34 L.Ed. 819; Hardin v. Jordan, 140 U.S. 371, 11 S.Ct. 808, 35 L.Ed. 428.

And the court in United States v. Chicago, B. & Q. R. Co., 7 Cir., 90 F.2d 161, 171, said: "It is further contended by the Government that appellee failed to establish any interest in the 1.6 acres condemned in Cause No. 3683. The action was required to be prosecuted in accordance with the laws of Wisconsin. See 33 U.S.C.A. § 591. It is the law of that state that where proceeedings are instituted to condemn property, and the petition recites, as it must, title and ownership or interest by the defendant, the con-

demnor is thereby bound by such expressed recognition of title, and cannot be heard to assert the contrary nor compel one recognized as owner to prove or defend his title."

In Madisonville Traction Company v. St. Bernard Mining Company, 196 U.S. 239, 252, 25 S.Ct. 251, 256, 49 L.Ed. 462, the Supreme Court said: "Speaking generally, it is for the state, primarily and exclusively, to declare for what local public purposes private property within its limits may be taken upon compensation to the owner, as well as to prescribe a mode in which it may be condemned and taken."

In the case of United States v. 8,557.-16 Acres of Land, 11 F.Supp. 311, the District Court held in conformity with the foregoing cases and cited authorities to support this view. That the Supreme Court recognized this to be the law is evidenced, tacitly at least, by the fact that Rule 81(a) (7) of the Rules of Civil Procedure in the United States District Courts, after 28 U.S.C.A. §§ 723b and 723c, excludes from the operation of those rules proceedings for condemnation, except on appeal. There is no federal statute or rule prescribing the forms and modes of procedure in condemnation cases; but under the statutes and decisions of the Supreme Court, the petitioner is relegated to the law of the state where the proceeding is had for his procedure and remedy. The appellant here was not given a choice of remedies which it might pursue, but was under the necessity of pursuing that remedy provided by the laws of Minnesota, and failing to do this it acted at its peril.

In Minnesota is the filing of separate notices of appeal jurisdictional?

The Minnesota Supreme Court in State v. May, 204 Minn. 564, 285 N.W. 834, has considered the identical question herein presented. In the May case, the State took a single appeal from awards made by Commissioners to the owners of two separately owned tracts. The awards, while separately made, were included in a single report filed by the Commissioners. The appeal taken by the State was dismissed for duplicity. In passing on that question the Court said: "The right of appeal is strictly statutory and unless the statute authorizes a joint appeal from separate awards the appeal must be dismissed for duplicity. The condemnation proceedings may very properly include in one petition numerous tracts or parcels of land which the state, in the exercise of its right of eminent domain desires to take or damage in one project; but when the proceeding has reached the point where the commissioners have made their awards the interests of the state and those of each land owner become separate and distinct as to each award, and unless the statute authorizes the owners of separate parcels to join in one appeal from the awards made them, they cannot do so. We think the same reasoning applies to the state when it is dissatisfied with the awards made to the owners of distinct and separate parcels of land. It must take a separate appeal as to each unless the statute specifically authorizes otherwise. We find no such provision in the statute. 2 Mason Minn.St.1927, §§ 6549, 6557-1."

At page 835 of 285 N.W. on rehearing the Court said: "In the Wisconsin cases [Watson v. Milwaukee & M. Ry. Co., 57 Wis. 332, 15 N.W. 468, and Larson v. Superior Short Line Ry. Co., 64 Wis. 59, 24 N.W. 487] the court regarded the condemnation proceeding as a civil action against all the landowners whose property was sought in the petition. In this state we regard the exercise of the right of eminent domain by condemnation proceedings as an exertion of the legislative power, 2 Dunnell, Minn.Dig. (2 Ed. & Supplements) § 3014; the 'judicial power comes into play only to the extent that the constitution guarantees to the owner of property right to compensation,' State, by Peterson v. Severson, 194 Minn. 644, 647, 261 N.W. 469, and, of course, to determine if the taking is for a public purpose. It follows that the proceeding up to the time awards are made is essentially legislative and only quasi judicial in character * * * and consequently a single petition embracing several parcels is justified, the commissioners' award of damages being a necessary incident to the proceeding which takes the form of one in rem (Id.); but as soon as the amount of the commissioners' award becomes controversial by the taking of an appeal the matter assumes the nature of a judicial proceeding, and rules relative to such proceedings apply. Each award becomes a severable subject of controversy. Therefore appeals become vulnerable to the charge of duplicity as in other judicial proceedings. There was absolutely no community of interest

between the two landowners here, and there could no more be one appeal from the two awards than there could be one appeal from two entirely separate judgments in wholly different cases. To us 2 Mason Minn.St.1927, § 6557-1, clearly contemplates separate appeals from separate awards."

■ We are of the opinion that under the law of Minnesota the filing of separate notices of appeal is jurisdictional, and the citation of other authorities unnecessary.

■ Would conformity to state procedure requiring separate notices of appeal obstruct justice, impede the progress of litigation, be inconsistent with the nature of federal proceedings, needlessly encumber the record, have no useful effect, be a mere technicality, and deprive the federal court of its jurisdiction? We cannot agree with the contention of appellant that conformity with the law and procedure of the State of Minnesota in this instance would have such effects and results; and the authorities cited in appellant's brief do not sustain such contentions. The requirement of the state law is well settled, is open to all, there is no ambiguity, it is not misleading, gives the parties the right and opportunity to be heard and to submit their rights to a jury, the time for appeal, thirty days, is reasonable, there is nothing inconsistent with federal procedure, nor does it deprive the federal court of any of its jurisdiction, but points out the way in which this jurisdiction may be acquired. In what way would it encumber the record? The answer is plainly, none. We think these contentions of the appellant without merit. Furthermore the application of the rules leads to simplification of procedure, as pointed out by the Supreme Court of Minnesota, in State v. May, supra.

Appellant apparently relies in this court, as it did in the court below, very strongly upon its right to amend its notice of appeal so as to file separate notice of appeal as to each particular award, "since the district court's jurisdiction was not lost."

■ The fundamental error in this argument is that the district court did not have jurisdiction, inasmuch as the appellant had not done the very thing that would have given that court jurisdiction. Notice of appeal within the statutory time was as much jurisdictional as the requirement of separate notices of appeal. In other words, if the appellant had filed separate notices of appeal to each award after the expiration of thirty days the court would then have acquired no jurisdiction. The time for appeal having expired the filing of separate notices of appeal would not be an amendment but would be in effect extending the time for appeal beyond the statutory time.

■ The right of eminent domain is inherent in a sovereign state. That power is not derived from the constitution at all. The constitution does restrict the power by providing that compensation must be paid. United States v. Jones, 109 U.S. 513, 3 S.Ct. 346, 27 L.Ed. 1015, and Mississippi & Rum River Boom Co. v. Patterson, 98 U.S. 403, 25 L.Ed. 206. Congress could have provided any mode or method it saw fit within constitutional limitations for carrying into effect this inherent right of sovereignty, and it chose to require that it be done in conformity with the state law and practice. Hence the state law, unless it contravenes some provision of the constitution, statute or rule of procedure of the United States, must control; and the state law of Minnesota requires the notice of appeal be filed within thirty days. The appeal not having been taken within the time allowed by the law of Minnesota, the court was without jurisdiction to hear it. Larkin Packer Co. v. Hinderliter Tool Co., 10 Cir., 60 F.2d 491.

The court below was right in holding that the notice of appeal filed by the petitioner there, appellant here, conferred no jurisdiction upon that court, and was also right in overruling appellant's motion for leave to amend, and the judgment of that court is, therefore, affirmed.