STATE, BY WALTER F. MONDALE, ATTORNEY GENERAL,
v. GUDRUN OHMAN AND OTHERS.
BERNARD M. HARROUN AND OTHERS, RELATORS.

116 N. W. (2d) 101.

June 22, 1962—No. 38,505.

*Bernard M. Harroun,* pro se, for relators.

*Walter F. Mondale,* Attorney General, *Rolf Slen,* Deputy Attorney General, and *Leo Cavanaugh,* Special Assistant Attorney General, for respondent.

THOMAS GALLAGHER, JUSTICE.

Proceedings designated Condemnation No. 179 for condemnation and acquisition for highway purposes of certain interests in relators' lands designated Parcel 206A in section 35, township 117, range 22 west, Hennepin County. At the district court hearing on the petition May 26, 1961, relators interposed objections on the ground that the proposed taking was not necessary for highway purposes and was invalid because arbitrary, discriminatory, and capricious. On June 9, 1961, the district court made an order overruling relators' objections and granting the petition. By certiorari here relators seek reversal of this order on the same ground.

Condemnation No. 179 relates to a proposed extension of 62nd Street (Minneapolis) to the west, in part adjacent to the entire south boundary of relators' property, a distance of 458 feet. Relators' interests which the state seeks to acquire consist of .07 of an acre in fee, and an easement in .14 of an acre until December 1964, both for purposes of slope and visibility. The state also is taking relators' access to 62nd Street for a distance of 265 feet east from the southwest corner of their land to lessen traffic hazards; and leaving access to 62nd Street from the remaining 193 feet of the south line of their property.

In a prior proceeding with reference to the proposed extension of 62nd Street, designated Condemnation No. 35, the state acquired the right-of-way therefor lying adjacent to the south boundary of relators' land. In such proceedings the state provided for a frontage road leading onto 62nd Street from the south, directly opposite a portion of relators' property on the north, to give access to landowners to the south of 62nd Street. This frontage road lies entirely within the boundaries of the right-of-way acquired by the state in Condemnation No. 35. Vehicles entering 62nd Street therefrom may turn either to the left or right.

The east travel lane of Interstate Freeway Route No. 393, extending north and south in this area, will pass over 62nd Street when com-

pleted some 490 feet to the west of the frontage road described. The east line of the right-of-way of Interstate Freeway Route No. 393 is some 365 feet from the west line of relators' premises. Four ramps extending from 62nd Street to the freeway are to be constructed to permit traffic interchange between 62nd Street and the freeway.

It is the state's contention that access to 62nd Street from the south frontage road described will not create objectionable traffic hazards, but that if additional access were permitted from relators' land opposite the frontage road, or from any point within the west 265 feet of relators' land, the traffic hazards will be greatly increased by reason of the traffic interchange over the ramps described. It is relators' contention that access should be permitted from their property to the same extent that it is authorized to landowners from the south over the frontage road and that the state's refusal to grant such access is arbitrary and discriminatory, so that the order denying it should be reversed. The state also contends that the part of relators' lands taken for slope are essential for visibility for persons using the east ramp leading north from 62nd Street onto the freeway; and that the only reason it had not been acquired in the prior proceeding was because it had been overlooked.

At the hearing the evidence consisted of the usual documents essential in condemnation proceedings and the testimony of Richard J. Stjernstrom, an engineer from the office of the commissioner of highways. He testified that he had participated in the condemnation proceedings relating to 62nd Street; that he had viewed the relators' property and walked over it several times; that at the point where the ramp will lead from 62nd Street north to the freeway relators' land rises abruptly so that in order to construct this (ramp) "we do run into a cut, so to speak," requiring a "back-slope" under the natural ground to eliminate an abrupt wall; and that both the part taken in fee and the slope easement are required for this purpose.

With reference to access to be taken from relators, he testified that this involved only 265 feet from the west line of relators' land and left relators with access over the remaining 193 feet of the southern boundary of their land; that access of the frontage road from the south was entirely within the state's right-of-way and was intended to link

the territory south with 62nd Street and thence out to Baker Road and on to the village of Minnetonka; that access was taken from relators' land to prevent too much traffic coming onto 62nd Street in the near vicinity of the interchange ramps. Relators presently have an access road which will come onto 62nd Street somewhat east of the south frontage road.

Based on the evidence presented, the trial court determined:

"* * * that the estate acquired by the petitioner in said lands shall be an estate in fee simple absolute in the right of way described in the petition, together with the following rights: To acquire all trees, shrubs, grass, and herbage within the right of way of the trunk highway acquired and to keep and have the exclusive control of the same; to erect temporary snow fences upon said lands and upon the lands adjacent thereto; to acquire from the owners whose lands front thereon any existing right of access to said highway in those cases which are particularly mentioned in the petition; and to keep and have the exclusive control of all access to said highway in accordance with the law governing controlled access highways; also to construct slopes upon and remove materials from the lands specifically mentioned in the petition to be taken for those purposes provided in the plans and specifications which are on file at the office of the Commissioner of Highways in St. Paul, Minnesota; and also the right to waste, dispose of, and place gravel, stone, clay, dirt, sand, and other materials on the lands specifically mentioned in the petition to be taken for those purposes."

In a memorandum attached to such order, the court stated:

"The basis of Mr. Harroun's [relator] motion to dismiss the petition as to Parcel 206A appears to be:

"1.  That the taking of the parcel is not in connection with Trunk Highway Route Number 393 but is an expenditure of public funds to build a private road for the benefit of private parties, and

"2.  That as to this parcel the State proposes to take the right of access from the portion not taken and that this taking is not necessary and is arbitrary, discriminatory and capricious.

\*  \*  \*  \*  \*

"* * * under applicable constitutional and statutory provisions the commissioner and not the Court is the agency to determine what land is necessary for trunk highway. * * * see Housing and Redevelopment Authority v. Mpls. Met. Co., 104 N. W. 2d 864.

"Respondent also objects because access is being taken. If access is taken, this is a right which must be compensated for. * * * The question of the necessity for the taking of access is primarily for the commissioner. That others may be given access does not of itself establish unlawful discrimination.

"Upon the basis of the showing here made, it cannot be determined that the taking of the parcel involved is not for a public purpose or that the acts of the commissioner are arbitrary, discriminatory or capricious so that there should be judicial interference."

Relators do not raise any question with reference to the compensation to which they will be entitled for the taking of their property including their rights of access to 62nd Street. It is not disputed that the taking involved is for public purposes, but as indicated above it is relators' contention that that portion of their lands described and sought to be acquired by the state is not necessary for 62nd Street and that these proceedings are otherwise arbitrary and discriminatory.

■ Several principles well established and applicable in condemnation proceedings must govern determination of the questions raised. It is well settled by virtue of Minn. St. 161.20 that the commissioner of highways has been vested by the legislature with the authority to designate and acquire through condemnation proceedings lands needed for trunk highway purposes, State, by Hilton, v. Voll, 155 Minn. 72, 192 N. W. 188; Burnquist v. Cook, 220 Minn. 48, 19 N. W. (2d) 394; that in so acting, he is acting for the state in its sovereign capacity, State, by Burnquist, v. Flach, 213 Minn. 353, 6 N. W. (2d) 805; that such authority includes the right to take from adjacent landowners their right of access to trunk highways in the interests of safety and convenience, § 160.08, subd. 4; Burnquist v. Cook, *supra*; Underwood v. Town Board of Empire, 217 Minn. 385, 14 N. W. (2d) 459; and that the courts may not interfere with the determination of the commissioner of highways, acting for the state in its sovereign capacity,

if his determinations have a reasonable basis and are not arbitrary, capricious, or discriminatory. State, by Peterson, v. Severson, 194 Minn. 644, 261 N. W. 469; see, Packard v. County of Otter Tail, 174 Minn. 347, 219 N. W. 289.

■ Whether a taking by the commissioner of highways is arbitrary or discriminatory ordinarily presents a question of fact for the trial court subject to the same governing principles on appeal as are fact questions in other types of litigation. If there is evidence or reasonable inferences from evidence which give support to the determinations of the finders of fact with respect to this issue this court may not interfere therewith. State, by Hilton, v. Voll, 155 Minn. 72, 192 N. W. 188; see, Housing and Redevelopment Authority v. Minneapolis Metropolitan Co. 259 Minn. 1, 104 N. W. (2d) 864.

■ Examination of the evidence presented here and outlined above appears more than adequate to support the findings made with reference to the issues determined by the trial court as above set forth. The testimony of Mr. Stjernstrom made clear the need of acquiring a small part of the acreage in fee and an easement to another small part until 1964 so that a back-slope might be made to eliminate an abrupt wall at this point, which would otherwise obstruct the view of drivers proceeding from 62nd Street north onto the freeway. The fact that this had been overlooked in the prior proceedings would not constitute a bar, forever prohibiting the state from correcting an error which might well result in traffic hazards. Thus, in State, by Peterson, v. Werder, 200 Minn. 148, 273 N. W. 714, the court held that subsequent eminent domain proceedings by the commissioner of highways should have been undertaken to take in fee or by easement certain property essential for a "sight corner" and not taken in the original proceeding.

Likewise, the reasons for taking relators' access opposite the south frontage road and a short distance east of the interchange ramp to the freeway appear to be sound. The south frontage road lying entirely within the state's right-of-way forms a connecting link leading from the south of 62nd Street west to Excelsior. In the judgment of the commissioner the traffic turning onto 62nd Street therefrom would not create too hazardous a situation, such as might result if additional traf-

fic from the north of 62nd Street were permitted access thereto at this particular point. To add such traffic from the north might well increase the hazards with reference to the use of the ramps leading to the freeway. Relators' access to 62nd Street, a short distance to the east, should serve their purposes of ingress and egress with a reasonable degree of convenience.

We cannot escape the conclusion that the commissioner's determinations in these proceedings were not capricious, arbitrary, or discriminatory; and accordingly that the order granting the petition should be affirmed.

Affirmed.