STATE, BY WALTER F. MONDALE, ATTORNEY GENERAL,
v. GUDRUN OHMAN AND OTHERS.
BERNARD M. HARROUN AND ANOTHER, APPELLANTS.

125 N. W. (2d) 419.

December 20, 1963—No. 39,192.

*Bernard M. Harroun,* pro se, for appellants.

*Walter F. Mondale,* Attorney General, *Perry Voldness,* Deputy Attorney General, and *Robert E. Lucas,* Special Assistant Attorney General, for respondent.

PER CURIAM.

The State of Minnesota moves for an order dismissing this appeal which arises out of a condemnation affecting property owned by appellants Harroun.[1]

These proceedings were initiated in the district court on May 26, 1961, and resulted in a report filed by commissioners on March 20, 1963, pertinent portions of which are as follows:

"The above gross award in the amount of $5000.00 is apportioned as follows:

| | |
|---|---|
| For the land taken | $500.00 |
| For damages to other land involved | $4500.00 |

---

[1] See, State, by Mondale, v. Ohman, 263 Minn. 115, 116 N. W. (2d) 101.

"The above award is made on the condition and basis that the commissioner of highways will construct a suitable ramp from the north edge of the traveled portion of the west-bound lane of 62nd Street to the south edge of the respondent's driveway area on or before September 15, 1963.

"Should the commissioner of highways fail or refuse to construct the ramp, as above set forth, then, in that event, we make it a condition of this award that the commissioner of highways give and grant unto Bernard M. Harroun and Dolores L. Harroun, on or before September 15, 1963, the permit and right to construct the ramp, as above set forth, and we find as damages to the land involved to be $9500.00 in lieu and in place of our finding as damages to the other land involved of $4500.00, above set forth, and the gross award to be $10,000.00."

Thereafter the state appealed to the district court "from the gross award filed with the Clerk of said Court on March 20, 1963, of $5,000.00, *and from the condition thereto.*" (Italics supplied.) Appellants Harroun subsequently moved the district court for an order dismissing that part of the appeal which affected the conditions attached to the taking. On June 10, 1963, the court denied the motion, and it is that order which is here for review.

Appellants rely on Minn. St. 605.09(g) (L. 1963, c. 806, § 8), which authorizes appeals from "the final order or judgment affecting a substantial right made in a special proceeding * * *." They argue that under § 117.08 commissioners may attach reasonable conditions to the taking but that no such privilege obtains once the matter has reached the district court under § 117.20, subd. 8(c). That section merely directs the court or jury to reassess damages and makes no reference to imposing conditions. From this omission appellants reason that the right to review the propriety of conditions attached by commissioners is forever foreclosed unless it may be asserted at this stage of the litigation.

Whether or not the right to attach conditions in the district court has been preserved by the language of § 117.15 we need not decide. That statute provides in part:

"Judgment shall be entered upon the verdict or decision, fixing the

amount of damages payable to the several parties concerned *and the terms and conditions of the taking.*" (Italics supplied.)[2]

Before the question may be considered by this court it is necessary that the trial court determine whether it has the power to attach conditions to the award, and, if so, what conditions, if any, are proper and appropriate.

We therefore hold that the order denying appellants' motion to dismiss the state's appeal from the conditions imposed by the commissioners is not a final order, and this appeal is therefore premature.

Appeal dismissed.

[2]See, also, Minneapolis, St. P. R. & D. Elec. T. Co. v. Grimes, 128 Minn. 321, 150 N. W. 180, 906.