STATE, BY WALTER F. MONDALE, ATTORNEY GENERAL,
v. M. L. PRIEBE AND OTHERS.
LAWRENCE E. JOHNSON AND OTHERS, APPELLANTS.

170 N. W. (2d) 235.

August 22, 1969—Nos. 41613, 41614, 41615.

*Robins & Meshbesher, Michael L. Robins,* and *Morley Friedman,* for appellants.

*Douglas M. Head,* Attorney General, *Donn D. Christensen,* Deputy Attorney General, *Richard H. Kyle,* Solicitor General, and *James M. Kelley,* Special Assistant Attorney General, for respondent.

PER CURIAM.

These three cases, consolidated for trial, involved condemnation proceedings arising out of the conversion of Trunk Highway No. 52 into a limited-access, four-lane highway. The three appellants, Lawrence E. Johnson, E. I. Derrick, and Mary E. Rinke, operate motels at the southwest, northwest, and southeast corners, respectively, of the intersection of Highway No. 52 and First Street in Rochester, Minnesota. A fourth case, involving the northeast corner, used by its owner for a diner and gasoline service station, was tried at the same time pursuant to the same order of consolidation, but the landowner has not appealed.

There was no actual physical appropriation of these lands, but the owners claimed damage for loss of view and loss of access due to depression of the highway from the existing grade and replacement of direct access by frontage roads of considerable distance. The commissioners made awards of substantial amounts to each of the appellants. Upon appeals by each of them and by the state, a jury in district court awarded them nothing, except an award of $1,000 for loss of view to one

of them. The appellants have appealed from orders denying their separate motions for new trial, one of the grounds of which was that the trial court erred in ordering consolidation of the individual cases for trial over their strenuous objections.

Minn. St. c. 117 does not in all cases preclude consolidation of the trial of condemnation cases. State, by Ervin, v. May, 204 Minn. 564, 285 N. W. 834, held that *joint* appeals from separate awards were impermissible under the provisions of Mason St. 1927, §§ 6549 and 6557-1, from which Minn. St. 117.20, subd. 8(c), is in part derived. The May case, however, is not to be construed as requiring that the *trial* of such separate appeals must in all cases be separate. Our Rules of Civil Procedure, in particular Rule 42.01, which permits consolidation in the sound discretion of the trial court, are accordingly not inconsistent or in conflict with the statute.

We hold, however, in these cases that the consolidation was prejudicial to the separate interests of the appellants and an abuse of judicial discretion. While significant differences in evidentiary fact existed among the four cases, a substantial amount of testimony otherwise inadmissible as to one landowner became admissible simply because of its relevance in the case of another. That it was prejudicial is illustrated by two, among several, situations. Evidence was admitted as to the gallonage volumes of the service station before and after the taking and the before-taking price that had been offered the service station operator for his property by a competitor who had full knowledge of the proposed highway construction. Relevant as this was to that property, it was of no direct relevance as to other properties on which motels were operated. Evidence of the expansion of the facilities of one of the motels, or the price at which it had been offered for sale, would not, except for the consolidation, have been admissible, at least without more, as to any of the other motel owners. Where, as here, the trial was protracted, it would be difficult for the jury adequately to sort out from the voluminous evidence that which was germane to the case of one landowner but not to the case of another.

That the trial was rendered unduly tedious for the jury is evidenced by the trial court's action with respect to closing argument. The court imposed a 1-hour limitation for argument upon the counsel representing the landowners, explaining that otherwise "[w]e would all fall asleep and wake up in six months." At the same time the court established this unique method for enforcement of the limitation:

"We are going to limit arguments to one hour on each side, and I want some gentleman or lady that has got a clock there to be the time-

keeper, who has got a clock and wants to keep time. What time do you have? We will synchronize our watches. After fifty-five minutes has gone by, so the attorney will know that he has five minutes left, you signal me and I will give him the old gong."

This colloquy between one counsel and the juror serving as time monitor demonstrates how it actually functioned:

"[Counsel]:   I got five minutes more?
"[Juror]:   More than that. You can talk yet.
"[Counsel]:   Can I? O.K. Fine * * *."

Inappropriate as the practice would be in any case, it is highly doubtful that a juror so conscientiously occupied in observing his timepiece can be fully occupied in listening to the final argument in a case made the more complicated by the consideration of four separate appeals.

Reversed and remanded.